# Wood & Houston v. Steele.

*Bill in Equity for Injunction and Equitable Set-off against Judgment.*

1. *Fraudulent transfer of note.*—It is no defense to an action at law by the transferree of a promissory note, against the maker, that the transfer was made with the intent to defraud the creditors of the transferror, the maker then being a creditor as surety on a contingent liability.

2. *Set-off; what demands are available at law.*—A contingent liability, as surety for the plaintiff, is not available as a set-off at law, since the defendant could not, at the commencement of the suit, maintain an action thereon.

3. *Equitable set-off.*—The surety on an administrator's official bond, being indebted to his principal by promissory note, on which a judgment at law has been rendered in favor of an assignee, may come into equity to enjoin the judgment, and to establish an equitable set-off against it, on account of moneys which he has been compelled to pay as surety since its rendition, on averment and proof that the administrator is insolvent, and that the note was transferred with intent to defraud his creditors.

4. *Amendment of decree for costs.*—A decree for costs against a defendant, as to whom the bill had been previously dismissed, being a mere clerical error, and amendable on motion in the court below, will be here corrected at the costs of the defendants as appellants.

[Wood & Houston v. Steele.]

APPEAL from the Chancery Court of Autauga.

Heard before the Hon. CHARLES TURNER.

The bill in this case was filed on the 9th May, 1879, by Samuel P. Steele, against Philip A. Wood, Julia C. Houston, and George S. Houston; and sought particularly to enjoin a judgment at law, which said Julia C. Houston had recovered against the complainant, on a promissory note transferred to her by said Philip A. Wood; to vacate and set aside a sale of the complainant's lands under that judgment, at which the plaintiff therein had herself become the purchaser; and to establish an equitable set-off against the judgment, on account of moneys which the complainant had been compelled to pay, since its rendition, as the surety of said Wood on an administration bond; and this relief was prayed, on the ground that said Wood was insolvent, and that the transfer of the note was without consideration, and was made with the intent to defraud his creditors. The defendants filed a joint demurrer, which the complainant confessed as to said George S. Houston, and dismissed the bill as to him; and which the chancellor overruled as to the other defendants, and required them to answer; and they thereupon filed a joint answer, denying the charges of fraud in the transfer of the note, alleging that the transfer was founded on valuable consideration, and admitting all the other material averments of the bill. On final hearing, on bill and answer, the chancellor rendered a decree for the complainant, and taxed the costs against said Wood and George S. Houston. From this decree the defendants jointly appeal, and jointly assign it as error, together with the overruling of the demurrer to the bill, and the decree imposing costs on George S. Houston.

W. H. & W. T. NORTHINGTON, for appellants.

GUNTER & BLAKEY, contra.

STONE, J.—The appellant raises but a single question in argument, and we will confine what we have to say to that one question. It arises on the demurrer to the bill, the pith and substance of which is, that the complainant had a complete and adequate remedy at law. The facts shown by the bill are, that Steele owed a note, amounting, with the interest, to something over one thousand dollars, of which note Wood became the holder and owner. Wood had executed a large bond as the administrator of Wood, his intestate, and Steele was one of his sureties on that bond. Before Steele paid anything as the surety of Wood, and before his liability

as such surety was fixed or ascertained, Wood transferred Steele's note to Julia C. Houston, who brought suit against Steele, obtained judgment, and, under execution issued thereon, had Steele's lands sold, and herself became the purchaser. Subsequently, a judgment was rendered against Wood and Steele, on the said administration bond, and under it Steele was required to pay, and did pay, as the surety of Wood, a much larger sum than the amount of the note and interest, transferred to appellant Houston, under which Steele's land had been sold. Steele thereupon filed this bill, and charged that the transfer of his note by Wood to Julia C. Houston was simulated and fraudulent; that Wood is insolvent; and one object of the bill was to have an equitable set-off declared, of the sum paid by Steele as Wood's surety, against the recovery obtained in Miss Houston's name against Steele, and to have the sale and deed made by the sheriff to Miss Houston vacated and annulled. The chancellor found that the transfer of Steele's note to Miss Houston was simulated and fraudulent, and granted to Steele the relief prayed for, as stated above. As we have said, the only point urged in argument by the appellant is, that Steele had an adequate remedy at law.

The substance of the argument appellants make here, is embodied in the following extract from the brief of counsel: " If the transfer of said note was fraudulent and void, the said transfer imparted no title to the said Julia C. Houston. It is, therefore, obvious that, if appellee had interposed his defense in the Circuit Court, and had established the facts alleged in his bill of complaint, by appropriate proof, he could have defeated a recovery by said Julia C. Houston." If this argument be sound, it must rest on the maintenance of one of the following propositions : First, that to a suit by the transferree of a promissory note, against the maker, it is a good and available defense, that the transfer was made with intent to defraud the creditors of the transferror. Such defense does not deny that the maker of the note owes the money to some one. It only disputes the transferree's right to the proceeds, as against the creditors of the transferror. This is a question that does not concern the defendant, as debtor. As between transferror and transferree, no matter how fraudulent the intent of the transfer, the right to the note and its proceeds passes. Only creditors can assail the validity of the transfer, and they may never assert the right. Such defense opposes no obstacle to a judgment against the debtor thus sued.—*McCausland v. Drake*, 3 Stew. 344. The majority of the court, in that case, said : " It is immaterial to the original debtor, to whom he is required to make pay-

ment. The want of consideration, fraud, or illegality between the assignor and assignee, is a matter of perfect indifference to him."—See *Littell v. Hord*, Hardin, 81 ; *Moore v. Penn*, 5 Ala. 135 ; *Agee v. Medlock*, 25 Ala. 281.

The only other principle, on which the argument of appellant can be maintained, must be, that Steele could have pleaded his claim as a set-off at law. Now, to authorize this defense, it was necessary that Steele's claim should have been such that he could maintain an action upon it, in his own name, when Miss Houston instituted her suit against him. At that time, Steele had paid nothing for Wood, and he could maintain no action at law against him, based on his liability for him as surety.—*Loftin v. Shackelford*, 17 Ala. 455 ; 2 Brick. Dig. 423, sections 14, 15, 22, 23 ; *Jones v. Blair*, 57 Ala. 457. A court of law could render to complainant no relief whatever, in this cause ; and having a clear right to have his subsequently accruing claim against Wood, his insolvent principal, set off against his own liability to Wood, which the latter had transferred to defraud his creditors, of whom Steele was one, equity had ample jurisdiction to relieve him.—*Ingraham v. Foster*, 31 Ala. 123 ; *Carroll v. Malone*, 28 Ala. 521 ; *Tate v. Evans*, 54 Ala. 16.

The Chancery Court committed an error, in decreeing costs against George Houston, who had ceased to be a party long before the decree was rendered. This was a clerical error, which that court would have corrected, upon having its attention directed to it. It will be here corrected, at the costs of appellants. Being corrected, to the extent that the judgment, so far as it affects George Houston, is vacated, the decree of the chancellor is in all other respects affirmed.

Corrected and affirmed.