# Prickett & Maddox v. Sibert, Adm'r.

### Bill in Equity to Enforce Vendor's Lien.

1.  *Vendor's lien ; when does not pass with transfer of note.*—Prior to the act of February 13th, 1879 (Pamph. Acts, 1878-9, p. 171), the transfer of a promissory note, given for the purchase-money of land, by delivery merely, did not carry with it the right to enforce the vendor's lien on the land.

2.  *Equitable mortgage; what does not constitute.*—The fact that a promissory note given for the purchase-money of lands contains a description of the lands, does not create an equitable mortgage thereon for the unpaid purchase-money.

APPEAL from Etowah Chancery Court.
Heard before Hon. N. S. GRAHAM.

DENSON & DISQUE, for appellants.

AIKEN & MARTIN, *contra*.

SOMERVILLE, J.—This is a bill filed to enforce a vendor's lien on certain lands which are described in the note for the purchase-money. The complainant claims as transferee of the note by *delivery* merely, and not by written assignment.

The transfer was made prior to the act of February 13th, 1879 (Pamph. Acts, 1878-79, p. 171), which expressly authorizes such transactions either by writing or delivery. Under the decisions of this court, therefore, it did not carry with it the right to enforce the vendor's lien on the land in controversy. *Bankhead v. Owen*, 60 Ala. 457 ; *Hightower v. Rigsby*, 56 Ala. 126.

The case of *Bryant v. Stephens*, 58 Ala. 636, it is true, holds that an equitable mortgage is created where the lands are described in the note given for the purchase-money. But this case has been expressly overruled by this court in the recent case of *Tedder v. Steele*, 70 Ala. 347.

The decree of the chancellor must be reversed and the cause remanded.