# Tutwiler *v.* Munford.

### Statutory Real Action in the Nature of Ejectment.

1. *An equitable title to land no defense to an action of ejectment.*—An action of ejectment, or the corresponding statutory real action can not be defended upon an equitable title, whatever may be its strength.

2. *Declaration of trust or covenant to stand seized, not a conveyance.*—A mere declaration of trust, or a covenant to stand seized, executed by a

[Tutwiler v. Munford.]

husband in favor of his wife for her life, and in favor of their children after her death, and containing no words of conveyance, does not operate to divest the legal estate, or to create an interest in lands, of which a court of law can take notice.

3. *Ejectment against husband; equities of the wife no defense.*—Where husband and wife exchanged with another the wife's lands in Virginia and Maryland for lands in this State, but, by mistake, a deed to the lands taken in exchange was made to the husband, who thereafter executed and delivered to the wife a written instrument, covenanting to stand seized of the lands for her use during her life, and at her death for the use of their children, but containing no words of conveyance; and afterwards the lands were levied on and sold by the sheriff under attachments sued out by the husband's creditors, the sheriff executing to the purchaser a deed, —*held*, in an action at law, brought by the purchaser against the husband, to recover the lands, that, the legal estate in the lands residing in the husband at the time of the levy and sale under the attachments, the purchaser acquired it by his purchase and the conveyance executed to him by the sheriff; and that, having the legal estate and the right of possession, he was entitled to recover, whatever may be the equities of the wife and children under the covenant to stand seized.

APPEAL from Hale Circuit Court.

Tried before CHARLES E. WALLER, Esquire, acting as Special Judge.

This was a statutory real action in the nature of ejectment, commenced by P. A. Tutwiler against Thomas T. Munford on 18th October, 1880. The cause was tried on issue joined on the plea of not guilty. the trial resulting in a verdict and judgment for the defendant.

As shown by the evidence introduced on behalf of the plaintiff, the lands sued for were sold on 12th January, 1880, by the sheriff of Hale county, under and in pursuance of several writs of *venditioni exponas*, issued out of the circuit court of said county on judgments obtained against the defendant in certain attachment suits instituted in said court by several of the defendant's creditors; and at the sale plaintiff became the purchaser, and the sheriff, by deed duly executed, conveyed the lands to him. The plaintiff also read in evidence a deed executed by T. W. Ormond on 5th March, 1874, conveying said lands to the defendant.

The defendant was examined as a witness in his own behalf, and testified, that his present wife was a daughter of Wm. H. Tayloe, deceased; that they were married in 1866, in Georgetown, in the District of Columbia; that at the time of the marriage he resided in the State of Virginia, where he has ever since resided; that he and his said wife had several children by the marriage; that, under the will of her father, his wife " became entitled to, and possessed of " a tract of land in Prince George county, Maryland, worth about $7000, and a lot in the town of Manchester, Virginia, worth about $1000; that on or about the 23d March, 1873, he traded with Thomas W. Ormond

[Tutwiler v. Munford.]

the tract of land and lot above mentioned for the lands sued for,
they being estimated to be of about the same value ; and that, in
pursuance of this trade, he and his wife conveyed the Man-
chester lot and the Maryland land to Ormond, and Ormond, by
inadvertence, conveyed the lands sued for to the witness ; that
the trade was made in March, 1873, but Ormond's deed to him
was not made until March, 1874. The defendant read in
evidence the will of Wm. H. Tayloe, and also an instrument
in writing, dated 28th March, 1876, at Lynchburg, in the State
of Virginia, purporting to be a "deed made between Thomas
T. Munford and Emma Munford, his wife." This instrument,
after reciting that the defendant, by virtue of his marriage, had
become possessed of a considerable estate, real and personal,
which had descended to his wife by will from her father, a portion
of which he had converted to his own use, and invested the pro-
ceeds of the same "in other property deeded to him in fee,"
proceeds as follows : "Now, then, as well in consideration of
the premises, as of a desire to deal fairly and justly with his
said wife and her children, now living and any which may
hereafter be born to them, and the other children of the said
Thomas T. Munford, born in a previous marriage, the said
Thomas T. Munford doth covenant with the said Emma Mun-
ford, his wife, that he will stand seized of " the land sued for,
"to the use of the said Emma for life, . . . . with remainder
to her children now living, and any hereafter to be born to
them, the said Thomas T. and Emma Munford in equal division,
in fee, the heirs of any one of the said children, who may die
before the said Emma, receiving the shares of their deceased
parent *per stripes*." The defendant further testified "that the
consideration for his making said deed or declaration of trust
was his wife's said land in Virginia and Maryland, which he
and she so conveyed to Ormond ; that he executed said instru-
ment with no purpose or intention to hinder, delay, or defraud
any of his creditors, but in good faith to his wife, and in
consideration, that the Ormond deed, by inadvertence, had been
made to him, and at her request ; " and that he owned at least
$25,000 worth of property at that time over and above his
liabilities, but that none of it was in Alabama.

The plaintiff then introduced in evidence the Code of Vir-
ginia of 1860, and also the Code of that State of 1873, containing
the following provision : "The common law of England, so
far as it is not repugnant to the principles of the bill of rights
and constitution of the State, shall continue in full force within
the same, and be the rule of decision, except in those respects
wherein it is or shall be altered by the General Assembly."
This was the substance of the evidence introduced on the trial.

The circuit court charged the jury, at the request of the

[Tutwiler v. Munford.]

defendant, that if they believed the evidence they must find for him; and refused to charge, at plaintiff's request, that if they believed the evidence they must find for him. To these rulings the plaintiff excepted, and they are here assigned as error.

JAS. E. WEBB, for appellant. (No brief came to the hands of the reporter.)

THOS. SEAY, contra, cited *Copeland v. Kehoe*, 57 Ala. 246; *Northington v. Faber*, 52 Ala. 45; *Haynie v. Miller*, 61 Ala. 62; *Plant v. Barclay*, 56 Ala. 562; *Wilson v. Sheppard*, 28 Ala. 625; *Puryear v. Puryear*, 16 Ala. 486; s. c. 12 Ala. 13; *Walthall v. Goree*, 36 Ala. 728; 14 Mich. 91; Schouler's Hus. & Wife, § 397.

BRICKELL, C. J.—The legal estate in the premises in controversy was vested in Munford by the conveyance executed by Ormond. If any trust or use could have resulted to Mrs. Munford, because her reversion in the real estate in Maryland and in Virginia formed part of the consideration upon which Ormond's conveyance was executed, a court of equity only could take cognizance of and enforce it as against the legal estate. An action of ejectment, or the corresponding statutory real action, can not be defended upon an equitable title, whatever may be its stregth.— *Mitchell v. Robertson*, 15 Ala. 412; *Childress v. Monette*, 54 Ala. 317; *Hickey v. Stewart*, 3 How. (U. S.) 750; *Lehman, Durr & Co. v. Bryan*, 67 Ala. 558, 560.

The instrument subsequently executed by Munford, whether it is regarded as a mere declaration of trust, or as a covenant to stand seized, did not operate to divest the legal estate, or to create in Mrs. Munford an interest in the lands of which a court of law can take notice. A declaration of trust is not a grant; it is a recognition in writing of the trust to which the legal estate is subject, and furnishes evidence which will satisfy the requirements of the statute of frauds, if the trust is of the character which falls within the inhibitions of the statute. Perry on Trusts, 381. As a covenant to stand seized, in a court of law it is inoperative, upon the same principle that all contracts and conveyances between husband and wife directly are, at law, ineffectual. "A man," says Lord Coke, "may by his deed covenant with others to stand seized to the use of his wife, or make a feoffment or other conveyance to the use of his wife. . . . But a man can not covenant with his wife to stand seized to her use; because he can not covenant with her, by reason of the two being, in the language of Littleton, ' but one person in the law.' "—1 Bishop on Mar. Women, § 717.

The reversion of the wife's lands, as well as her contingent

[Miller v. Vaughan.]

right of dower, or her separate estate, will form a valuable consideration for a post-nuptial settlement; and if this instrument was executed to pass the estate in the lands to the use of the wife and her children, in pursuance of the intention and agreement of husband and wife at the time of the conveyance to Ormond of the lands in Virginia and Maryland, in the absence of an intent on the part of the husband to hinder, delay, or defraud his creditors, in which the wife participated, a court of equity will give effect to it, as against his antecedent or subsequent creditors. — Bump on Fraud. Conv. 316; *Hoot v. Sorrell*, 11 Ala. 386; *W. & M. College v. Powell*, 12 Gratt. 372; *Wilson v. Ayer*, 7 Greenl. (Me.) 207. While in courts of law husband and wife are deemed incapable of contracting with each other, a court of equity will give full effect to their post-nuptial contracts, when fair and founded on a valuable consideration.—2 Story's Equity, § 1372; *Andrews v. Andrews*, 28 Ala. 432.

The legal estate in the lands residing in Munford at the time of the levy of the attachment, and of the sale by the sheriff, the plaintiff acquired it by his purchase and the conveyance executed to him by the sheriff. Having this legal estate, and the right of possession, he was entitled to recover in the present action, whatever may be the equities of the wife and her children. The circuit court erred in the instruction given to the jury on the request of the defendant, and erred in refusing the instruction requested, that the plaintiff was entitled to recover.

Reversed and remanded.

*Statutory Real Action in the Nature of Ejectment.*

