# Farris & McCurdy *v.* Houston.

*Bill in Equity to enjoin Judgment, and establish Set-off.*

1. *Motion to dissolve injunction; how far answer may be considered.* On motion to dissolve an injunction on the denials of the answer, affirmative matters of defense, not responsive to any allegation of the bill, can not be considered for any purpose.

2. *Set-off; what demands are available, at law or in equity.*—At law, a debt due from the plaintiff, to the defendant as administrator, is not available as a set-off against an individual debt, the debts not being due in the same right; nor is it available as a set-off in equity, if the plaintiff is solvent and *sui juris*, so that a personal judgment against him would be effective; but, if the plaintiff is insolvent, or is a married woman, against whom a personal judgment can not be rendered, a court of equity will set off the two demands against each other.

3. *Rights of mortgagee (or assignee) in possession; remedies of mortgagor.*—A mortgagee, or his assignee, in possession after default, has the legal title, and the right to the rents and profits; and though the rents may be sufficient to have paid and satisfied the debt, the only remedy of the mortgagor is by bill in equity for an account and redemption.

4. *Effect of statutes on pending suits.*—Jurisdiction is generally determined by the *status* of the law and facts as they exist when the suit was instituted; and it may admit of doubt, whether an injunction, rightful in all respects when issued, should be defeated by a statute subsequently enacted, giving a remedy at law.

5. *Statutory provisions as to effect of payment of mortgage debt.*—Under the statute approved November 28th, 1884, "the payment of a debt secured by mortgage, on either real or personal property," is declared to "have the effect to devest the title out of the mortgagee or his assigns" (Sess. Acts 1884–5, p. 73); but the statute has reference only to ordinary cases of payment in money, and does not apply to cases where the mortgage is deemed satisfied by the rents and profits, which require the statement of an account on equitable principles.

[Farris & McCurdy v. Houston.]

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 2d May, 1884, by T. L. Farris and W. D. McCurdy, against Mrs. Mary J. Houston and her husband; and sought to enjoin a judgment at law which Mrs. Houston had recovered against them, in the Circuit Court of Montgomery, on the 15th June, 1883, and to have the debt applied as assets in their hands of the insolvent estate of Robert F. Simonton, deceased, of which they were the administrators *de bonis non*. After the filing of the answer, Mrs. Houston submitted a motion to dissolve the injunction, and to dismiss the bill for want of equity. The chancellor dissolved the injunction, but refused to dismiss the bill; and his decree dissolving the injunction is now assigned as error by the complainants. The material facts are stated in the opinion of the court.

TROY, TOMPKINS & LONDON, for appellants.—The equity of the bill rests on facts which were set up, but held unavailing as a defense, in the action at law in which Mrs. Houston's judgment was rendered.—*Farris & McCurdy v. Houston*, 74 Ala. 162; Bigelow on Estoppel, 352. The right to relief in equity, on purely equitable grounds, is not prejudiced by the unsuccessful attempt to set up the defense at law.—*Calloway v. McElroy*, 3 Ala. 406; *Nelson v. Dunn*, 15 Ala. 502; *Haughey v. Strong*, 2 Por. 177. As mortgagee in possession, or assignee of the mortgagee, Mrs. Houston was entitled to the rents and profits; and while the mortgagor, or his personal representative, is entitled to an account and redemption, that right can only be asserted in equity.—*Powell v. Williams*, 14 Ala. 476; *Barron, Meade & Co. v. Paulling*, 38 Ala. 292; 2 Story's Equity, § 1016*a*. The plaintiff in the judgment being a married woman, no personal judgment can be rendered against her; and that is a sufficient ground to establish a set-off in equity.

BRAGG & THORINGTON, *contra*.—The complainants do not come into court with clean hands, and they are not entitled to relief against the consequences of their own wrongful acts. *Reynolds v. Carter*, 32 Ala. 444; *Hamilton v. Adams*, 15 Ala. 596; *Turnley v. Hanna*, 67 Ala. 101; *Vancleave v. Wilson*, 73 Ala. 387. They acquired possession of the land under a lease from Mrs. Houston, and were bound to restore the possession to her in good faith at the expiration of their term; but, instead of doing this, they wrongfully held over, and disputed her right to the possession or the rents; and after her right has been established by two judgments at law

(71 Ala. 573 ; 74 Ala. 162), they now seek to retry the same issues in chancery.   That this can not be done, see *Norwood v. Kirby*, 70 Ala. 397; *Hamilton v. Adams*, 15 Ala. 596.

STONE, C. J.—Mary J. Houston recovered a judgment against Farris & McCurdy for about twenty-three hundred dollars, for the rent during the years 1880 and 1881 of the plantation in Lowndes county known as the "Davidson plantation."   On appeal to this court, that judgment was affirmed, and execution upon it was placed in the hands of the sheriff to enforce its collection.   The present bill was filed by Farris & McCurdy to enjoin its collection, and an injunction was obtained.   A motion was made, based on a demurrer and the denials in the answer, to dissolve the injunction, which motion the chancellor granted ; and from that decretal order the present appeal is prosecuted.

The case made by the bill is, in substance, as follows :   That in 1869 Robert F. Simonton, then owning the "Davidson plantation," executed a mortgage, and thereby conveyed the same to Reese and McCall, to secure the payment to them of certain debts, described in the mortgage, and payable to the said Reese and McCall severally ; that in 1878 said Robert F. Simonton died, a resident, at the time, of the State of North Carolina, having first made and declared his last will, and therein appointed his wife, Roxana Simonton, to be executrix thereof, and devised and bequeathed to her his entire estate, real and personal ; that the will was probated, and the executrix qualified in North Carolina ; that before his death the said Robert F. paid and discharged the said mortgage debt to Reese in full, and paid all of the debt to McCall except about seven hundred dollars ; that Mrs. Houston paid said sum to McCall, and took from him an assignment of said mortgage ; that she also received a conveyance of the lands from Mrs. Roxana Simonton, but on what consideration, or on what terms, complainants do not know ; that for the year 1879 complainants, Farris & McCurdy, rented said lands of Mrs. Houston, who was and yet is a married woman, and paid her as rent a sum sufficient to liquidate the balance due on the McCall mortgage ; that they took a second renting of said plantation from Mrs. Houston for the year 1880, and cultivated the lands for that year and the next, the unpaid rent of which years formed the indebtedness on which the judgment above described was rendered ; that during the year 1880, they, Farris & McCurdy, purchased a claim against the estate of the said Robert F. Simonton, and thereafter probated the said will of said Robert F. in Alabama, and in the county in which said lands lie, and they, the said Farris & McCurdy, were ap-

pointed administrators thereof with the will annexed; that they qualified as such, and are still acting in that capacity; that they duly reported said estate insolvent, and after due proceedings (set forth in the bill), the estate was declared and decreed insolvent; that claims against the estate have been presented, and filed verified against the insolvency, amounting to over twenty thousand dollars—greatly in excess of the assets of said estate, including as assets the unpaid rents due from complainants; that on failure of complainants to pay rents for said lands to Mrs. Houston, she instituted proceedings in unlawful detainer against them, and has evicted them from the possession. The bill also avers that complainants, as administrators, obtained an order to sell said lands for the payment of the debts of said estate, sold the same to one Brightman, reported the sale, and that the sale was confirmed; the sale on time, and purchase-money not fully paid. The proceedings to this end are exhibited, and no imperfections in them are pointed out, or discovered by us. The theory of the bill is, that Simonton's estate is insolvent; that the "Davidson plantation," at the time of Simonton's death, was the property of the latter, subject only to the McCall mortgage; that the balance due on the McCall mortgage was satisfied by the rents of 1879; that the lands, together with the after-accruing rents, are assets for the payment of the debts of said insolvent estate; and that complainants, as administrators, are entitled to reduce such assets to possession, that they may be disbursed among the creditors of Simonton's estate. The bill offers to pay any balance due on the mortgage debt, should the rents of 1879, already paid, prove insufficient to liquidate it.

The answer does not deny that Mrs. Houston was and is a married woman; does not set forth the amount of the mortgage debt to McCall that was paid by Mrs. Houston; and does not deny the statement in the bill, that the unpaid balance which Mrs. Houston paid to McCall on the mortgage debt was about seven hundred dollars. It does deny that the rent collected for 1879 should be applied to the extinguishment of the mortgage liability. The answer and cross-bill set up in defense that, for a valuable consideration paid—largely in excess of the sum for which the "Davidson plantation" was sold—Robert F. Simonton agreed with Mrs. Houston, in 1869, to pay off and discharge the said mortgage debts to Reese and McCall, and that he would then convey said plantation to Mrs. Houston; that Mrs. Roxana Simonton had knowledge of this agreement and its consideration, and that, pursuant to said agreement, she, after the death of her husband, did convey the lands to her, the said Mrs. Houston.

This second phase of the defense, being affirmative matter, and not responsive to any averment in the bill, can not be looked to nor considered on the motion to dissolve the injunction.—1 Brick. Dig. 677, § 549 ; *Jones v. Ewing*, 56 Ala. 360 ; *Buchanan v. Buchanan*, 72 Ala. 55. It results, that the sole question in this case is, whether the bill on its face contains equity ; for the asserted right to an injunction is the sole ground for equitable interference in this case.

That the appellants in this cause had no valid legal defense to the action at law for rents, is not, and can not be gainsaid. Aside from the disability they were under, growing out of the relation of tenant and landlord under which they obtained possession of the rented premises, there is not a legal mutuality between the two claims, always indispensable in set-off at law. The liability of Farris & McCurdy to Mrs. Houston was and is a personal debt. Their right against her, if right they have, is in their representative capacity, as administrators of the estate of Simonton. They do not, and can not deny, that they personally owe the debt. Their claim is, that it be turned into the estate of Simonton—into their own hands as administrators—as a fund to be used in paying the debts of the estate. Have they a remedy at law ? There can be no question, that if Mrs. Houston is solvent, and is amenable to legal process, and to a personal judgment, and if there is no other equity in the case, then this bill is without equity. But, conceding for argument's sake that Mrs. Houston is *sui juris*, having full right to sue and *be sued*, and liable to have a personal judgment rendered against her ; could it be affirmed there would then be a remedy at law ? She is a mortgagee in possession, so far as we can, on this motion, consider the facts of this case. She has no other title executed by Robert F. Simonton, the original owner. As against him, and those claiming in his right, she has the legal title, and can maintain her legal right to the possession, in any suit that may be instituted in the law courts. Having the title and the possession, she can equally maintain her legal right to the rents, for rent is but the fruit and product of the land ; and, as a rule, whoever is legally entitled to the possession of lands, is, at law, entitled to the rents and profits. So, suing her (she being *sui juris*, as we have supposed) for the rents and profits of the land, without first having an account of the mortgage debt taken, and the same liquidated, must necessarily result in defeat. Such account can not be taken in a court of law ; and even if the mortgage debt has been entirely paid, that does not, without more, revest the title in the mortgagor.—*Slaughter v. Doe*, 67 Ala. 494. The title of the mortgagor, in such conditions, is but an equity, and an equitable title will neither maintain

nor defeat an action of ejectment.—*Tutwiler v. Munford*, 73 Ala. 308. Such was the law when the bill was filed, May 2, 1884.

It may be contended, however, that before the decree of the chancellor was rendered (April 18, 1885) dissolving the injunction, the act " to revest title to property on payment of a debt secured by mortgage," approved November 28, 1884—Sess. Acts, 73—became the law of the land ; and that there was, at the time of the hearing, no right to an injunction. It may admit of doubt, whether an injunction, rightful in all respects when issued, should be defeated by a statute subsequently enacted, giving a remedy at law in such cases. Jurisdiction is generally determined by the *status* of the law and facts as they exist when the suit is instituted. The act provides, " that the payment of a debt, secured by mortgage on either real or personal property, shall have the effect to devest the title out of the mortgagee, or his assigns, and revest the same in the mortgagor, or his assigns, whether such payment is made before or after the maturity of the debt, and whether said mortgage is made or paid before or after the passage of this act."

When there is averment of payment in any of the ordinary methods, and the inquiry arises whether or not there has been payment in such ordinary methods, there would probably be encountered no greater complication or difficulty in determining such issue, than in passing on any other controverted question of payment. Though a new doctrine with us, this question might be submitted to a jury in the trial of an ejectment suit, with a reasonable expectation that it would have a fair solution. Questions of equal complication are constantly submitted to the determination of juries. But, suppose the mortgagee takes possession of the property, and has the use and occupation, or realizes the rents and profits. There may also be alleged waste, with which he is sought to be charged ; and the mortgagee may assert counter claim for taxes paid, for needed repairs made, &c.

It is said in Jones on Mortgages, § 1115 : "Accounting is wholly a matter of equity jurisdiction. It is apparent enough that, where the English doctrine prevails, that the mortgage conveys a legal title" [that doctrine prevails in Alabama], "the right of the mortgagor to an account of the rents and profits of the land received by the mortgagee, is purely and exclusively of equitable cognizance. At law, he can not be made to account. He is the legal owner of the estate, and takes the rents and profits in that character. The mortgagor has a right of redemption only in equity, and the right to an account is only incident to this. But, regarding the mortgagee's interest as a lien only, does not obviate the necessity of resorting to equity

for an accounting. The mortgagee in possession takes the rents and profits in the *quasi* character of trustee, or bailiff for the mortgagor. In equity, he must apply them as an equitable set-off to the amount due on the mortgage. Such a receipt is not a legal satisfaction of the mortgage. There is no payment and satisfaction of the mortgage, until the rents and profits are applied to the payment of the debt. The law does not apply them as they are received. It depends upon the result of an accounting upon equitable principles, whether any part of the rents and profits received shall be so applied. The mortgagee is entitled to have them applied, in the first instance, to reimburse him for taxes and necessary repairs made upon the premises; for sums paid by him upon prior incumbrances upon the estate, in order to protect the title, and for costs in defending it; and if he has made permanent improvements upon the land, in the belief that he was the absolute owner, the increased value by reason thereof may be allowed him. In many cases, complicated equities must be determined and adjusted, before it can be ascertained what part, if any, of the rents and profits received is to be applied upon the mortgage debt. In the absence of an agreement between the parties, there is no legal satisfaction of the mortgage, by the receipt of rents and profits by a mortgagee in possession, to an amount sufficient to satisfy it; and his character as mortgagee in possession is not divested, until they [the rents] are applied by the judgment of the court in satisfaction of the mortgage." This doctrine is substantially approved in *Daniel v. Coker*, 70 Ala. 260 ; 2 Danl. Ch. Prac., 5th ed., 1237.

And it is laid down in the books, that when the mortgagee is in possession of real estate as mortgagee, and by virtue of the mortgage, there remains in the mortgagor, as between them, no legal title, but only an equity of redemption. That right he can assert only by a bill to redeem; for at law he is without remedy.—2 Jones on Mortgages, § 1116; *Daniel v. Coker*, 70 Ala. 260 ; *Garland v. Watson*, 74 Ala. 323 ; *Kelly v. Longshore*, at present term.

According to the principles declared above, the receipt of rents and profits by a mortgagee in possession, is in no sense a payment on the mortgage debt, until they are so decreed after taking an account in a suit to redeem or foreclose. Here, then, we have all the leading principles of an equity jurisdiction. The title asserted is only equitable. The defendant against whom relief is prayed, fills the relation of bailiff, or trustee; and the account to be settled rests on equitable principles, and may be otherwise too complicated for the stubborn rules of a law forum. Can it be that the legislature intended to transfer this jurisdiction to a court of law, and to allow all these intri-

[Farris & McCurdy v. Houston.]

cate and complicated equity questions to be discussed and determined before a jury ? To so hold, not to mention other results, would be to clothe the courts of law with the authority and jurisdiction of suits to redeem, instituted by mortgagors out of possession, against mortgagees in possession. We can not believe the legislature so intended. We therefore hold, that when the statute speaks of the " payment of a debt secured by mortgage," it means a payment in fact, and not a receipt of rents and profits, which only becomes payment when so decreed on an equitable accounting.

The present suit is not technically a bill to redeem. It does not seek to disincumber the title, and have it revested in the mortgagor. Perhaps, by the sale of the land under the order of the Probate Court, the complainants parted with all power over and interest in that question, with which the statute had clothed them. The rule of *caveat emptor* applies in such sales, and it may be that only the purchaser is interested in the right to redeem. But, in making the sale, they did not part with any right they had to previously accrued rents. The purpose of the present bill is to have an account of the rents and profits against the mortgagee's transferree in possession, and to have any surplus of such rents and profits, by the decree of the court, secured in their hands, as assets of the insolvent estate of their intestate. Such bill, in the nature of things, must conform to the rules governing bills to redeem, to the extent we have discussed those rule above..

There is another reason why we think the injunction in this case should not have been dissolved. There is a rule, that when a cross demand, rightfully held, can not be made available by suit at law, and yet, *ex æquo et bono*, ought to be received as payment, chancery, in the exercise of its restraining powers, will intervene, and compel the one having this legal advantage to do justice. Cases of insolvency furnish illustrations of this rule. Demands purely legal are often thus liquidated, one by the other.—*Tuscumbia, C. & D. R. R. Co. v. Rhodes*, 8 Ala. 206 ; *Ingraham v. Foster*, 31 Ala. 123 ; *Tate v. Evans*, 54 Ala. 16 ; *Wood v. Steele*, 65 Ala. 436 ; *Chambers v. Ala. Iron Co.*, 67 Ala. 353 ; High on Injunctions, § 243 ; 1 Pom. Eq. § 189 ; *Campbell v. Conner, ante*, p. 211.

It may be urged that Mrs. Houston is not averred to be insolvent, and that therefore the rule does not apply in this case. It is averred that she is a married woman, and was such at the time her right to the lands accrued—1878 or '9. Title accruing to her at that time would be, *prima facie*, her statutory separate estate, and she could not be sued either at law or in equity on such a demand as Farris & McCurdy assert in this suit.—*Lee v. Tannenbaum*, 62 Ala. 501. If it were shown she

had been relieved of the disabilities of coverture, this would not authorize a suit at law against her, on the present claim. *Dreyfus v. Wolffe*, 65 Ala. 496; *Cohen v. Wollner*, 72 Ala. 233. The record does not show she had been relieved of the disabilities of coverture.

The present bill is one in the nature of a bill to obtain the benefit of a set-off. Should Mrs. Houston be allowed to enforce her judgment by execution, Farris & McCurdy will be without remedy to enforce the repayment of the money to them; as much so as if Mrs. Houston was shown to be insolvent. This is good ground for injunction to prevent irreparable mischief.

The decree of the chancellor is reversed, and here rendered reinstating the injunction.

CLOPTON, J., not sitting.