# Weaver *v.* Brown.

*Bill in Equity to enforce Vendor's Lien on Land.*

87 533
97 604

87 533
123 603

87 533
130 580

1. *Vendor's lien; transfer of note for purchase-money, by delivery merely.*—The transfer of a note given for the purchase-money of land, by delivery merely, prior to the enactment of the statute now of force (Code, § 1764), did not carry with it the vendor's lien; and if the transferree obtains judgment on the note against the maker, sells the land under it, becoming himself the purchaser, and having notice of another unpaid note in the hands of the vendor, he does not acquire, and can not convey to another person, a title which can prevail against the vendor's lien attached to that note.

2. *Set-off against vendor's lien.*—In a suit to enforce a vendor's lien on land, the defendant may set off any legal demands existing in his favor, against the complainant, at the institution of the suit, on which he might maintain an action of debt or *indebitatus assumpsit* in his own name.

3. *Same; conclusiveness of judgment.*—The complainant having obtained a judgment on the note for the unpaid purchase-money, before filing a bill to enforce his lien on the land, the defendant is not precluded from setting off a cross demand wh ch would have been available as a set-off in the action at law, but which was not introduced in that suit.

4. *Cross-bill.*—The benefit of a set-off, in equity, can only be claimed by cross-bill.

5. *Judgment as evidence.*—A judgment by default, rendered by a court of general jurisdiction, is admissible as evidence in a suit which seeks to enforce the demand as a lien on land, in the purchase of which the debt was created, although the record does not show the service of process, the presumption being indulged that the court had acquired jurisdiction of the person.

APPEAL from the Chancery Court of Randolph.

Heard before the Hon. S. K. McSPADDEN.

The original bill in this case was filed on the 5th May, 1880, by Jesse M. Weaver, against Thomas N. Brown, his wife and son; and sought to establish and enforce a vendor's lien on land, for unpaid purchase-money. Garrett Wilder was also made a defendant to the bill, but he died before answer, and the suit was abated as to him. The contract for the sale of the land was made on the 4th April, 1866, and consummated by the execution of a deed by the complainant to said Thomas N. Brown, which recited the payment of $3,000 as its consideration, the payment of which was acknowledged, but afterwards stated that "$1,000 of the consideration [was] unpaid;" while Brown conveyed to him

[Weaver v. Brown.]

a tract of land in Georgia, at an agreed price, and executed his two notes for the balance of the purchase-money, each for $500. These notes were dated April 4th, 1866, payable to "J. M. Weaver or bearer, by the 25th December, 1867," and 1868, respectively; and each recited that it was "given for the payment of" the land, describing it, "provided it is not cancelled by the Federal Government." On the 22d February, 1879, the complainant recovered a judgment against Brown, on the note first falling due, for $864.66; a copy of which was made an exhibit to the bill, and it was alleged that the same was unpaid, and constituted a lien on the land. The other note was delivered to said Garrett Wilder, or he procured possession of it; and he obtained a judgment on it against Brown, on the 22d August, 1872, for $405.60, the balance then due. The land was sold, under an execution issued on this judgment, in February, 1873, and bought by said Wilder, at the price of $502.26, the amount due on said judgment; and the sheriff executed a conveyance to him as the purchaser, which was dated February 3d, 1873. Wilder afterwards sold and conveyed parts of the land to Brown's wife and son; and they were in possession when the bill was filed, claiming under the conveyances from him, and also under a conveyance from said Brown himself.

The bill alleged that the several defendants, at the time they acquired their respective interests in the land, had notice, both actual and constructive, of the lien for the unpaid purchase-money. The defendants filed a joint and several answer, in which they denied that they had any notice of an outstanding lien for unpaid purchase-money; denied that complainant had any lien, or that any of the purchase-money was unpaid; denied that he had recovered a judgment against Brown, and required proof thereof. As to the note held by Wilder, they alleged that, at and before the consummation of the contract for the sale of the land, complainant was indebted to Wilder in the sum of about $650, and delivered said note to him, soon after it was executed, in part payment of said indebtedness; "that it was agreed said note was and should be a lien on said lands, and said Wilder received it with this express agreement;" that complainant, "at and before the delivery of said note to said Wilder, assured him that it was a lien on said land, and that the description of the land being in said note the land was bound therefor; and said Wilder, relying on these representa-

[Weaver v. Brown.]

tions as true, accepted said note in part payment of said debt." They also asked to set off against the complainant's judgment, if anything should be found due him, certain cross demands, particularly described, due from him to said Brown at and before the commencement of this suit, and at the date of said judgment; and they prayed that their answer be taken and allowed as a cross-bill for this purpose.

The complainant answered the cross-bill, denying its allegations as to the transactions between him and Wilder, and alleged that Wilder obtained possession of the note by fraud; denied the validity of the cross demands, and pleaded that they were barred by staleness and the statute of limitations; and he demurred to the cross-bill, and moved to dismiss it for want of equity. The grounds of demurrer assigned were—1st, that it was not alleged that the note was transferred to Wilder by written indorsement; 2d, that "a set-off can not be relied on to defeat a suit for the enforcement of a vendor's lien;" 3d, "that the judgment, upon which the original bill was founded, precludes an investigation into joint [cross] claims anterior to said judgment."

The complainant's deposition was taken in his own behalf, in which he stated the facts as alleged in his pleadings—denying the transaction with Wilder, alleging that he obtained possession of the note by fraud, and that public notice of the facts was given at the sheriff's sale at which Wilder became the purchaser; and he was corroborated by the testimony of Richard Moore, as to the manner in which Wilder procured the note from the complainant's wife. Thomas N. Brown, whose deposition was taken on the part of the defendants, testified to the facts as stated in the answer and cross-bill. The complainant offered in evidence a certified copy of his judgment against Brown, which set out the summons and complaint, and the judgment by default; but it did not show any service of process, or acknowledgment of service, and the defendants objected to its admission on this account. On the hearing, the defendants also submitted a motion to dismiss the bill for want of equity, and on account of the staleness of the demand sought to be enforced.

The chancellor overruled the motion to dismiss the bill, and also overruled the demurrer to the cross-bill, except as as to the first ground assigned; but, "on consideration of all the pleadings and proof," he dismissed the complainant's bill, without prejudice. The complainant appeals from this decree, and assigns as error the dismissal of his own bill, and the refusal to dismiss the cross-bill.

[Weaver v. Brown.]

SMITH & SMITH, for appellant.

SOMERVILLE, J.—1. The transfer of the note to the defendant Wilder, by the complainant Weaver, having been effected by delivery merely, without indorsement—and prior to the statute authorizing a transfer of a vendor's lien by mere delivery of purchase-money notes given for land (Code, 1886, § 1764)—the transferree did not acquire the vendor's lien, nor any right to enforce it on the land in controversy. *Prickett v. Sibert*, 71 Ala. 194; *Bankhead v. Owen*, 60 Ala. 457; *Hightower v. Rigsby*, 56 Ala. 126. The title, therefore, which Wilder acquired at the sheriff's sale, must be sustained, if at all, without regard to any lien which he was supposed to have on the land for his judgment debt against appellee Brown, based on the note for the purchase-money, transferred by delivery as above stated. Wilder's title was that of an execution creditor buying at his own sale—his co-defendants claiming under him with notice of complainant's equity. The bill alleges, and the testimony satisfactorily proves, that Wilder himself had full knowledge of the existence of the lien for unpaid purchase-money on the land claimed by the complainant. This lien was, therefore, superior to that of Wilder's execution, and the chancellor erred in not giving it precedence. His decree dismissing complainant's bill was erroneous, and will be reversed.

2. The defendants will be entitled to set off against complainant's claim for unpaid purchase-money any legal demands against complainant which were owned by the judgment debtor, Thomas N. Brown, at the time the suit was brought, and upon which Brown could have instituted an action of debt, or *indebitatus assumpsit*, in his own name. It is no objection to such set-off, that the complainant's demand is an equitable lien on the land, and enforceable as such. *Hooper v. Armstroug*, 69 Ala. 343; *Gafford v. Proskauer*, 59 Ala. 264. The second ground of demurrer to the defendant's cross-bill, based on this suggestion, was properly overruled.

3. We construe the third ground of demurrer to mean, that no set-off can be introduced, which could have been made available at the time the judgment was rendered in favor of the complainant. This view of the law is incorrect, a set-off being a defense which may be made or not, at the option of the defendant. It is not compulsory on him to

[Sykes v. Betts.]

make it, and the judgment does not preclude its future introduction.—*Wharton v. King*, 69 Ala. 365.

4. Such a set-off being maintainable in equity only by cross-bill, the refusal of the court to dismiss the cross-bill of defendants is free from error.—*Beall v. McGehee*, 57 Ala. 438; *Chambers v. Wright*, 52 Ala. 444.

5. The judgment in favor of the complainant against the defendant Brown, upon which this suit is based, is a judgment by default; and although it affirmatively shows no appearance on the part of the defendant, or his attorneys, it will be presumed, on collateral objection, that the Circuit Court, which rendered it, had proper jurisdiction of the defendant's person, it being a court of general and not limited jurisdiction.—*Pettus v. McClannahan*, 52 Ala. 55; *Hunt v. Ellison*, 32 Ala. 173; 3 Brick. Dig. p. 587, §§ 5-6; Freeman on Judg. (3d Ed.), §§ 124-131. This judgment is clearly admissible in evidence in the present suit.

Reversed and remanded.

### *Bill in Equity to enforce Vendor's Lien on Land.*

