# Minge *v.* First National Bank.

*Bill to Enforce Equitable Set Off.*

(Decided January 14, 1915. Rehearing denied February 4, 1915.
68 South. 141.)

*Garnishment; Equitable Set-Off.*—While an unmatured debt from a judgment defendant to a garnishee at the time of the answering of the garnishment, is not available as a legal set-off, yet equity will avoid an equitable set-off by enjoining the enforcement of a judgment against the garnishee where defendant is insolvent; and if a lien attached under the garnishment proceedings in the court of law, said lien is subordinate to and does not affect the equitable set-off.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the First National Bank of Birmingham against John H. Minge, to enjoin the collection of a judgment and enforce an equitable set-off. From a judgment for complainant, defendant appeals. Affirmed.

Minge had filed suit against the Faunsdale Oilmill with writ of garnishment to the First National Bank of Birmingham. The bank answered, admitting an indebtedness to defendant, but setting up that the oilmill was indebted to the bank by several promissory notes in an amount in excess of the amount that the oilmill had on deposit with it. There was judgment against the bank, and its set-off was denied because the money due the bank by the oilmill was not due and payable at the time of the filing of its answer. After this judgment was rendered the oilmill became insolvent, and all its property and effects had been sold under a mortgage foreclosure to satisfy outstanding bonds in the amount of $30,000. It is further alleged that, because of the insolvency of the oilmill existing at the time of the filing of the bill and happening after service of the writ of garnishment on the garnishee, and the filing of its answer and the rendition of judgment against it, complainant should be allowed in chancery to set off the sum which the oilmill had on deposit with it, and for which judgment was rendered against it, against the larger sum which the oilmill was due complainant at the time of the filing of the bill.

LONDON & FITTS, for appellant.

DAVIS & FITE, BANKHEAD & BANKHEAD, and GEORGE PEGRAM, for appellee.

[Minge v. First National Bank.]

PER CURIAM.—As the debt from the defendant to the garnishee, the First National Bank, was not due at the time of answering the garnishment, it had no legal set-off available in a court of law (*First Nat'l Bank v. Minge,* 186 Ala. 405, 64 South. 957), yet equity will enforce the relief under an appropriate bill and will award an equitable set-off by enjoining the enforcement of the judgment, the defendant being now insolvent (*Wood v. Steele,* 65 Ala. 436; *Farris v. Houston,* 78 Ala. 250). It may be that a lien attached under the garnishment proceedings in the law court, but said lien is subordinate to and does not affect the complainant's equitable set-off. Indeed the equity of the bill in the case of *Wood v. Steele, supra,* was to enforce an equitable set-off and enjoin the collection of a judgment at law upon which an execution had been issued and levied upon the land and the same had been sold. The very equity of the bill in this case is that the complainant has an equitable set-off which was not available in the proceeding at law, and which is superior to the respondent's judgment in the law court.

The decree of the chancery court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.