## HALL v. CLARK et al.

### 5 Div. 162.

Supreme Court of Alabama.

Dec. 7, 1933.

See, also, 225 Ala. 87, 142 So. 65.

Warren S. Reese, of Montgomery, for appellant.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, and C. T. Reneau and Holley & Milner, all of Wetumpka, for appellees.

GARDNER, Justice.

The original bill was for the enforcement of a vendor's lien against a purchaser from the vendee with notice of complainant's rights. Defendant makes no resistance as to the enforcement of the vendor's lien for the balance of the unpaid purchase price of the property, but by way of cross-bill seeks a set-off against complainant's claim.

Defendant was the owner of a note executed October 1, 1924, by complainant and her husband to Mary C. Clark and due October 1, 1929, and his suit for recovery thereon was pending and undetermined on the law side of the docket at the time this bill was filed. It is the amount of this note defendant seeks to set off against complainant's claim, and the cross-bill avers that complainant in this cause is insolvent "and that if and when said note is reduced to judgment on the law side of said court, the respondent, Dwight G. Clark, would not be able to enforce collection thereof, and that if complainant should be allowed to proceed in this cause and have any balance found due on the purchase price of said land declared to be a lien on said property, the complainant would thereby be permitted to collect her claim against the respondent, but the respondent, Dwight G. Clark, would be unable to collect his claim unless he is allowed to plead said note and the amount due thereon as an equitable set-off in this cause." Demurrer to the cross-bill was overruled, and subsequently defendant obtained a decree pro confesso thereon, upon which, for the most part, the final decree was rendered.

The rule recognized in this jurisdiction is well stated in O'Neill v. Perryman, 102 Ala. 527, 14 So. 898, 899, as follows: "Although the mere existence of mutual and independent demands, does not authorize the interposition of a court of equity to set them off against each other, yet, where there is some intervening equity which renders it necessary for the protection of the demand sought to be set off, that court will interpose to see that justice is done. In this case, the bill sets up the insolvency of the plaintiff in the judgment, and that complainant's demand against him would be lost, if he is allowed to enforce said judgment. This is recognized as a distinct equitable ground, entitling the complainant, the defendant in the judgment, to relief." To like effect, see, also, Weaver v. Brown, 87 Ala. 533, 6 So. 354; Wood v. Steele, 65 Ala. 436; Minge v. First National Bank, 191 Ala. 271, 68 So. 141; Farris & McCurdy v. Houston, 78 Ala. 250; Campbell & Wright v. Conner, 78 Ala. 211. And our decisions are in harmony with the current of authority elsewhere. 34 Cyc. 638; 57 C. J. 364; 21 C. J. 133.

"The insolvency of the party against whom the set-off is claimed is, as a broad general rule, held to be such a special equity as will induce a court of equity to take jurisdiction to allow the set-off." 34 Cyc. 638.

Counsel for appellant argue upon the theory that the set-off claimed is not allowable unless arising out of the same transaction which constitutes the subject-matter of the original bill. But this argument overlooks the basic principle upon which the equity of the cross-bill rests—the injustice of permitting complainant to enforce her claim against defendant, while at the same time, on account of her insolvency, leaving defendant with her promise to pay, incapable of realization, a mere barren obligation. So considered, therefore, it is immaterial whether the counterclaim arises out of the same transaction of the original bill or independently thereof.

The argument, followed to its ultimate conclusion, would lead to a denial of the right of

set-off, and confine defendant's relief to claims only which are in the nature of recoupment. We find no such distinction made in the authorities, and the underlying principle upon which the set-off is permitted refutes the contention.

■ And as to the argument relating to section 6550, Code 1923, we think the proper answer is that this statutory provision was not intended as restrictive of any equitable right existing independently thereof. The right of equitable set-off in a case as here presented exists irrespective of the statute, and is uninfluenced thereby. 21 C. J. 502, and authorities cited in note 11.

There are authorities to the effect that mere insolvency alone will not suffice for equity interference (57 C. J. 365), and appellant also cites some of the cases which hold that the mere existence of mutual and independent demands does not authorize the interposition of equity to set them off against each other. Such was the holding in Tate v. Evans, 54 Ala. 16, noted by appellant. But in this same authority it is observed: "Insolvency is recognized as a distinct equitable ground entitling a party to relief, even in cases where both demands are purely legal."

We conclude, therefore, without regard to holdings in other jurisdictions, our decisions establish the equity of the cross-bill, and the demurrer thereto was properly overruled.

■ In the progress of the cause the chancellor entered an order for the transfer of the suit at law brought by defendant against this complainant to the equity side of the docket, and which in practical effect was a merger of the two causes of action. Appellant insists there was no compliance with the statute (sections 6490 and 6491), and that, therefore, this was error to reverse. These statutory provisions, however, are not here applicable. The transfer or merger was not under the statute, but represented merely an exercise of equity jurisdiction, rested upon a maxim of equity jurisprudence and practice that, "Equity, having taken jurisdiction for one purpose, will administer complete relief." The court had full jurisdiction of the cause and rightfully allowed the set-off.

The suit at law could then serve no purpose save harassment of this complainant, and there is nothing in this order of which she could rightfully complain. The merger was necessary for complete relief, and the objection thereto is not well taken. There were no controverted issues of fact, and what has been said suffices to show our conclusion there was no error in the decree rendered, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.