[Moses v. Philadelpnia Mortgage & Trust Co.]

# Moses *v.* Philadelphia Mortgage & Trust Co.

## *Bill to foreclose Deed of Trust.*

1. *Purchaser of bonds of corporation deposited to secure annuity;*
   *right to have deed of trust foreclosed.*—A corporation owning
   real estate encumbered by a lien for the payment of an an-
   nuity during the life time of the beneficiary, authorized the is-
   suance of bonds to the extent of $80,000, and to secure the
   payment of the same executed a deed of trust upon all of
   its property. The bonds stipulated that the deed of trust was
   a first lien on the property conveyed, subject only to the
   annuity charge which was secured by a deposit with the
   trustee named in the bond of $8,000 in cash. Said corporation
   did not make the deposit of $8,000, and the trustee sold all of
   said bonds at par, accounted to said corporation for $72,000
   of the proceeds and held the other $8,000 of the proceeds in
   lieu of the cash agreed to be deposited with said trustees to
   secure said annuity, and subsequently invested said $8,000
   so retained by purchasing back that amount of said bonds,
   and held the bonds so repurchased in lieu of the cash agreed
   to be deposited to secure the annuity. Subsequently, the
   said corporation, for a valuable consideration, sold to a third
   party the $8,000 of bonds so repurchased by the trustee. A
   judgment was thereafter obtained against said corporation,
   and the property conveyed in said mortgage was sold under
   execution issued upon said judgment, subject to the said an-
   nuity. The purchaser at the sheriff's sale continued to pay
   the said annuity. The interest on the $72,000 of the bonds
   was paid regularly, but the interest on the $8,000 of the bonds
   purchased from the corporation was never paid. *Held:* That
   the purchaser of the $8,000 of the bonds from the corpora-
   tion, which bonds had been repurchased by the trustee in
   lieu of the cash agreed to be deposited to secure the annuity,
   succeeded to all the rights of the bondholder, subject to the
   rights and equities of the holders of the $72,000 of bonds, and
   therefore, had the right to have the deed of trust foreclosed
   by the sale of property conveyed, subject to the annuity, and
   to have his bonds paid in full if the property should bring

enough to pay the other bondholders and him also, and if not sold for enough to pay the other bondholders and him in full, he would be entitled to any balance remaining after paying the other bondholders.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

This is the second appeal in this case. The former appeal was from a decree of the chancellor sustaining demurrers to the bill. That decree was affirmed. Upon the return of the cause to the court below, the bill was amended; and as amended averred the followng facts: On October 13, 1888, the Montgomery Real Estate Association, a corporation organized under the laws of Alabama, and having its principal place of business in the city of Montgomery, regularly issued eighty bonds in the sum of $1,000 each, aggregating $80,000; and to secure the payment of said bonds and the interest coupons attached thereto, the board of directors of the said Montgomery Real Estate Association executed and delivered a deed of trust to the Philadelphia Mortgage & Trust Company, conveying to said Mortgage and Trust Company all the property owned by said association. This transaction was authorized by the stockholders of said association. At and before the execution of said deed of trust one Maria L. Sloan had and still has a lien upon the lands described in and conveyed by said deed of trust for the payment to her annually during the term of her natural life a sum of $450 (four hundred and fifty dollars). In order that the bonds issued by said association might be more readily sold, there was incorporated in each of said bonds the statement that the trust deed was a first lien on the property conveyed "subject only to the annuity charge of $450 per annum, which is secured by the deposit with said Philadelphia Mortgage & Trust Company, trustee, of the sum of $8,000 in cash, which, with its income is so deposited for the purpose of securing the prompt payment of the annuity deposited, payable semi-annually during the life time of Maria L. Sloan, the beneficiary. The deed of trust did not contain or make any reference to said agree-

ment. Maria L. Sloan was living at the time of the filing of the bill. All of the issue of the bonds by the Montgomery Real Estate Association was placed in the hands of the Philadephia Mortgage & Trust Company, as the agent of said association and said Mortgage & Trust Company sold all of said bonds at par to persons whose names were known to the complainant and received the proceeds therefor. The said Mortgage & Trust Company accounted to said association for only $72,000 of the proceeds from the sale of said bonds, and held $8,000 of said proceeds in lieu of the cash agreed to be deposited with said trustee to secure the annuity of said Maria L. Sloan.

The Mortgage & Trust Company subsequently invested the $8,000 so retained by it, by purchasing back $8,000 of said bonds and held the $8,000 of said bonds so purchased in lieu of the $8,000 in cash which was to be deposited to secure the annuity of said Maria L. Sloan. After the repurchase of said $8,000 in bonds, to-wit, in August, 1891, the said Montgomery Real Estate Association, for a valuable consideration, sold to complainant the said $8,000 of bonds so repurchased by said Mortgage & Trust Company and held by it in lieu of the $8,000 in cash agreed to be deposited. Complainant is the owner of said bonds subject only to the payment of the annuity to said Maria L. Sloan. The $8,000 of bonds so repurchased have ever since remained in the hands of the Mortgage & Trust Company, and said company has refused and still refuses to recognize any right or interest of complainant in and to said $8,000 of bonds. The Mortgage & Trust Company has no other right to said $8,000 bonds so purchased than to secure said annuity of Maria L. Sloan.

The Montgomery Real Estate Association promptly paid the interest on the $72,000 of said bonds held by parties other than said trustee and paid the annuity of said Maria L. Sloan up to the time the property conveyed in the mortgage was sold by the sheriff under the execution, to be presently referred to; and upon receiving proof of the payment of said annuity each six months, the said Mortgage & Trust Company surrendered to said association the coupons for interest on the

$8,000 of bonds repurchased by it, and this continued up to May 1, 1892, although the Mortgage & Trust Company knew of the purchase by complainant of the $8,000 of bonds and coupons in August, 1891. At the June term, 1892, of the circuit court of Montgomery, Janney & Cheney as trustees of Moses Bros., obtained a judgment against the Montgomery Real Estate Association for the sum of $44,000. Execution was issued upon this judgment and levied by the sheriff upon all the real estate described in the deed of trust to the Philadelphia Mortgage & Trust Company. The property so levied on was sold and at said sale Janney & Cheney, as said trustees, bid off the sale for the amount of their judgment and costs, and afterwards sold said property to one David Wright and executed to him a deed for the property so levied upon and sold. Wright went into possession of said property and has so remained ever since, receiving the rents, issues and profits therefrom and applying the same to his own use; and the purchase by Wright at the sheriff's sale of said property was subject to the annuity of Maria L. Sloan and subject to the deed of trust securing the payment of $80,000 of bonds issued by the Montgomery Real Estate Association. The property conveyed by said deed of trust comprised all of the property owned by said association, and said association is insolvent. Since the purchase of said property by Wright, he has paid to the Philadelphia Mortgage & Trust Company, as trustee, the interest on all of the said $80,000 of bonds issued by the Montgomery Real Estate Association, except the $8,000 of bonds which were purchased by and belonged to the complainant. The Philadelphia Mortgage & Trust Company has failed and refused and still fails and refuses to compel the said Wright to pay the interest on said $8,000 of bonds and has also refused and failed and still refuses and fails to foreclose said deed of trust on account of said failure to pay the interest coupons on the $8,000 of bonds. Since his purchase at the sheriff's sale Wright has paid and continues to pay to Maria L. Sloan each year her annuity.

The amount of annual interest on the $8,000 of bonds is $480, but the complainant has never received any

of said interest, although he was entitled to the same since his purchase in August, 1891, and since that time all the interest coupons on said $8,000 have remained unpaid.

On November 1, 1898, the principal of the whole of said $80,000 became due, but no steps whatever have been taken by the Mortgage & Trust Company to collect the principal and interest due on said $80,000 of bonds or to foreclose the deed of trust by sale of the mortgaged property. The said David Wright during his life time and his devisees and executors since his death have some arrangement, the nature of which the complainant is not informed, that the holders of the $72,000 of the bonds, other than those claimed by complainant, and that the Philadelphia Mortgage & Trust Company, by which it is understood and agreed between the parties thereto that the deed of trust shall not be foreclosed, and that the complainant shall not be permitted to have the deed of trust foreclosed and his interest on the $8,000 of bonds collected and paid to him. That on January 23, 1899, the complainant informed the Philadelphia Mortgage & Trust Company in writing that he was the owner of said $8,000 of bonds held by it under said agreement and demanded of said trust company that the deed of trust be foreclosed, but that said Mortgage & Trust Company has failed to pay any attention to the demand of the plaintiff, and refuses to take any action in reference to the foreclosure of said deed of trust. By reason of the fact that the said Wright became the purchaser of the property at the sheriff's sale subject to the said mortgage and by reason of the fact that said Wright has made some arrangement and agreement as stated above with the owners of the $72,000 of bonds, it is impossible for the complainant to get the consent of $50,000 in value of said bonds to make a demand upon the trustee for the foreclosure of the deed of trust as is required in said deed of trust. The property conveyed by said deed of trust is of value largely more than sufficient to pay the amount due upon said eighty bonds and interest thereon.

It was then averred in the bill that since the commencement of the suit, David Wright had died, leaving

a last will and testament, which was duly probated, and the names of the devisees are given, who are alleged to be over the age of 21 years.

The Montgomery Real Estate Association, the Philadelphia Mortgage & Trust Company and the devisees under the will of David Wright are made parties defendant.

The prayer of the bill was as follows: "That the said deed of trust be foreclosed; that the complainant be decreed to be the owner of said $8,000 of bonds so repurchased, and that a reference be held to ascertain the amount of principal and interest due on all of said $80-000 of bonds; that the property mentioned in said deed of trust be ordered sold subject to the lien of said Maria Sloan for her annuity, and that if the said property when so sold brings enough to pay all of said $80,000 of bonds and the interest due thereon, and sufficient to repay to said David Wright and his executors and devisees the amounts paid by them on the said annuity of the said Maria Sloan, and enough to pay said annuity up to the confirmation of the said sale, together with costs and expenses of this suit, said proceeds of said sale to be so apportioned as to pay complainant the amount due on said $8,000 of bonds and interest; but if upon the said sale the said property does not bring enough to pay and satisfy the whole amont of principal and interest due on said $80,000 of bonds and the amounts paid on said annuity by said Wright, his devisees and executors, and the amount due on said annuity to the confirmation of said sale, together with the costs and expenses of this suit, that then your Honor will order paid out of the proceeds of said sale the said $72,000 of bonds owned by others than complainant and the interest thereon, the amounts paid by said Wright, his devisees or executors on account of said annuity, and the amount due on said annuity to the confirmation of said sale, and the costs and expenses of said sale, and the balance, if any, paid to complainant on account of the amount due on said $8,000 of bonds so repurchased and the interest thereon."

The defendants made a motion to dismiss the amended bill for want of equity, and also demurred to

upon several grounds.

Upon the submission of the cause upon the motion to dismiss the amended bill for want of equity and upon the demurrers to the bill, the chancellor rendered a decree sustaining the motion to dismiss the bill for want of equity and ordered the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

CLIFFORD A. LANIER, JR., and WATTS, TROY & CAFFEY, for appellant.

GRAHAM & STEINER and JOHN G. WINTER, contra.

TYSON, J.—For a statement of the facts of this case, reference is made to the report of it, on former appeal, in 127 Ala. 433.

After a return of the case to the court below the complainant amended his bill so as to state the transaction, between the mortgagor and the trustee, such as our opinion stated it in effect to have been—that is, that the possession by the trustee of the eight thousand of bonds was the result of an investment by it of the eight thousand dollars of cash stipulated to be deposited for the payment of the annuity to Mrs. Sloan.

After averring the purchase of the eight bonds by the trustee out of the trust funds, the bill as amended seeks a foreclosure of the mortgage, which is past due, and an adjustment of the equities between all the parties so as to give the complainant his *pro rata* share of the eight bonds out of the proceeds of the sale of the mortgage property after the other bonds are paid.

The bill, on motion, was dismissed for want of equity and the correctness of that decree is now before us for review.

Confessedly if the whole series of bonds (eighty in number) had been sold by the trustee and were outstanding and eight thousand dollars of the proceeds had been invested by the trustee, as it had the right to do, in bonds of the United States or bonds other than those issued by the mortgagor, it is clear that the eighty bonds would be secured by the mortgage lien on the property

and that it would be subject to sale for their payment, subordinate, however, to the annuity to Mrs. Sloan. It is also equally clear, on this state of facts, that if the property should bring enough to pay the bonds in full, the demands and equities of every kind of the holders of them would be satisfied and the bonds purchased and held by the trustee to indemnify the holders of the eighty bonds against the Sloan annuity, would belong to the mortgagor. Of course if there should be a deficiency, the bonds in the hands of the trustee would have to be applied to its payment as far as necessary. The fact that the trustee invested the eight thousand dollars, which was deposited with it, in eight of the eighty bonds issued by the mortgagor, does not and can not affect the principle. Subject to this right and equity of the holders of the seventy-two bonds, the deposit with the trustee, no matter how invested, belonged to the mortgagor and of course could be assigned, the purchaser taking subject to all equities.

The bill alleges such assignment to complainant and the sole question is, what are his rights as purchaser? If there had been no sale of the equity of redemption of the mortgaged property, that is, if the mortgagor was still in possession of it, and having transferred its residuary interest in the deposit with the trustee to the complainant, it is obvious that, when the holders of the seventy-two bonds are satisfied in any legal manner, as by sale of the mortgaged premises, complainant would be entitled to the deposit or its representative not only as against the bondholders but as against the mortgagor. Then, how can the fact that the mortgagor's equity of redemption was sold under execution or otherwise, alter the equities of complainant or of the bondholders? Wright, the purchaser of the equity of redemption at execution sale, simply stepped into the shoes of the mortgagor. He holds the real estate subject to all valid liens on it at the date of his purchase. He has no equity to have the Sloan debt paid out of the deposit or to have the deposit first applied or applied at all to the extinguishment of any portion of the debt evidenced by the bonds and secured by the mortgage, so as to reduce the debt against the real estate and thereby

36

increase the value of the equity of redemption. In short, a sale of the mortgage property under execution was not a sale of the deposit, and, therefore, the purchaser, Wright, at that sale acquired no interest whatever in the deposit. To repeat, the bondholders have a mortgage lien on the property for their debt and as a collateral to them, against the Sloan annuity absorbing the property to their detriment, the deposit was made. It can make no possible difference to them, whether they are paid first out of the deposit and second out of the mortgage property. The mortgagor would have the right to direct the order of the application, and it exercised this right when it assigned the deposit to the complainant, which assignment antedated the rendition of the judgment upon which the execution was issued under which Wright bought the equity of redemption. By making the assignment to complainant and retaining its equity of redemption in the mortgage property, the mortgagor armed the assignee complainant with the right to insist that the real estate should be first exhausted. Wright, the purchaser of the equity of redemption, after the assignment of the deposit to complainant, cannot stand in any better attitude than the last assignee of several notes secured by a common lien, which, of course, is subordinate to the rights of the prior assignee.—*White v. King*, 53 Ala. 162; *Gold Life, etc. v. Hall*, 58 Ala. 1. When the mortgagor assigned to complainant its equity to the bonds on deposit with the trustee, the complainant succeeded to all the rights of a bondholder subject to the rights and equities pointed out above of the holders of the seventy-two bonds, and, therefore, has the right to have the mortgage foreclosed by a sale of the property conveyed by it to the Sloan annuity and to have his bonds paid in full if the property should bring enough to pay the other bondholders and him also. Should, however, the proceeds of sale be not sufficient to pay the seventy-two bonds in full, then of course the complainant would get nothing. But should there be any balance after paying the other bondholders, the complainant will be entitled to it, to the extent of the amount due upon the eight bonds including

the interest thereon, from the date of their assignment to him. The direction that all interest accruing on the bonds after their assignment be allowed to complainant is based upon the principle, that it was the duty of Wright, as of the mortgagor, to pay the Sloan annuity as a first lien, as it is his duty to continue to do so to preserve the property.

It is scarcely necessary to say, that Mrs. Sloan, so far as appears from the averments of the bill, was not a party to the agreement resulting in the deposit with the trustee.

In conclusion, it may not be amiss to say that the question here presented is entirely different from the one reviewed on former appeal as will readily appear from a comparison of the two opinions.

Reversed and remanded.