# Moses *v.* Philadelphia Mortgage & Trust Co.

## *Bill to Foreclose Mortgage.*

(Decided Dec. 21st, 1906.  42 So. Rep. 868.)

*Mortgages; Right of Foreclosure.*—The land conveyed in trust to secure the bonds was encumbered with a prior lien, and the mortgagor made a money deposit with the trustee to protect the bondholders against the lien. The trustee invested the deposit in some of the bonds secured by the deed of trust. Afterwards the mortgagor assigned the bonds so purchased by the trustee. Held, the assignee of the bonds became a bondholder with all the rights pertaining thereto, subject only to the equities of the other bondholders, arising out of the purpose of the deposit, and such assignee had the right to have the trust deed foreclosed, the property sold, and after the payment of the costs, prior encumbrances and the amount due on the bonds held by other bondholders, the proceeds applied to the payment of the bonds held by him.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by John T. Moses against the Philadelphia Mortgage & Trust Company to foreclose a mortgage deed of trust securing certain bonds. From a decree in favor of defendant, plaintiff appeals.

This appeal is from a final decree of the chancellor decreeing that the complainant, Moses, is entitled to "foreclose the mortgage deed of trust set out as an exhibit to the bill in this cause for the security to him of the sum of $500, with interest at the rate of 6 per cent. from the date when the bonds secured thereby became due according to their terms, and fair and just compensation for attorney's fees in and about the prosecution of this suit; regard being had to, among other things, the amount for which complainant is entitled to foreclose, and sale to effect the same. No bid will be re-

ceived for the property unless in excess of the sum of $72,000, and unless upon an offer, under fair conditions of sale, of a sum exceeding $72,000, some amount is realized for the satisfaction of complainant's claim, this bill will be dismissed; such being, in the opinion of the court, the necessary result, in the present circumstances of the case, of the rulings heretofore made that complainant, as against other bondholders, is entitled to foreclose rather than to redemption, and the court doth so decree. It is therefore ordered, adjudged, and decreed by the court that the register will hold a reference to ascertain: (1) What amount will be due to the complainant on the day of his report and his bonds, estimating his interest therein at the sum of $500 due upon the day upon which said bonds fell due according to their terms, and bearing interest at the rate of 6 per cent. per annum until the day of the report. (2) What would be a fair and just compensation to complainant for attorney's fees in and about the foreclosure of the mortgage deed of trust aforesaid, regard being had, among other things necessary and proper to be considered, to the fact that complainant is entitled to have decreed a foreclosure for the amount of his own debt only." This case has been here twice before on appeal, and the facts are very fully stated in 131 Ala. 554, 32 South. 612, where the reader can refer, if found necessary or desirable. The other report of the case is in 127 Ala. 433, 29 South. 463. Reference is here made to the facts therein set forth.

THOMAS H. WATTS, ALEXANDER TROY, CLIFFORD LANIER, JR., and GUNTER & GUNTER, for appellant.—No brief came to the reporter.

R. E. STEINER, and J. M. CHILTON, for appellee.—No brief came to the reporter.

SIMPSON, J.—As this case has been before this court twice, the facts need not be restated in this opinion.—127 Ala. 433, 29 South. 463; 131 Ala. 554, 32 South. 612. The Montgomery Real Estate Association owned the Moses Building, and issued its bonds for

$80,000, securing the same by a deed of trust to the appellee as trustee, and placed the bonds in appellee's hands to be sold. The bonds state, on their face, that $8,000 had been deposited with the trustee to secure the payment of the Sloan debt, which was a lien prior to the bond debt. That $8,000 was invested by the trustee, with the approval of the mortgagor, in said bonds at par. Then the status was that said real estate company owed the entire $80,000, but that $8,000 of the bonds were owned by the mortgagor himself, and held by said trustee in trust to secure the Sloan debt. The only effect of this was that the holders of the $72,000 of bonds took them with notice of the prior lien of the Sloan debt, but also with the assurance that $8,000 was held by the trustee to secure that debt, and that amount could not be withdrawn until that debt was paid, so long as the bonds were outstanding. When Wright bought at execution sale, he became the owner of the equity of redemption, subject to all the prior liens and incumbrances on the property, to-wit, the Sloan debts and the $80,000 bonded indebtedness. As stated in this case in 131 Ala. 554, 32 South. 612: "He had (has) no equity to have the Sloan debt paid out of the deposit, or to have the deposit first applied, or applied at all, to the extinguishment of any portion of the debt evidenced by the bonds and secured by the mortgage. * * * In short, a sale of the mortgaged property under execution was not a sale of the deposit, and therefore the purchaser, Wright, at the sale, acquired no interest whatever in the deposit."—131 Ala. 561, 562, 32 South. 615.

It is true, as contended by appellee, that when the purchaser of the equity of redemption, for the protection of his interest, pays off incumbrances which are prior in right to another incumbrance, he has a right, in equity, to keep these incumbrances alive for the purpose of insisting on their priority to the outstanding incumbrance, so that, in case of the sale of the property under the last incumbrance, he would have the right to have the proceeds applied first to the payment of the incumbrances which were superior to the outstanding one, and, if the property did not bring enough to pay both, the last incumbrance would be scaled accordingly.—2

Pom. Eq. Jur. 791; 3 Pom. Eq. Jur. 791; 3 Pom. Eq. Jur. 1212; *Millspaugh v. McBride*, 7 Paige, Ch. (N. Y.) 509; *Ohmer v. Boyer*, 89 Ala. 273, 280, 7 South. 663. Admitting, then, that the subsequent purchase by Wright of the $72,000 of bonds could not operate as a merger to the extent of depriving Wright of the aforementioned equitable rights, and that by the purchase of said bonds he became entitled to all the rights and securities held by the original holders of said bonds, then what were those rights and securities? The real estate company warranted the title as free of incumbrances, except as to the annuity due to Mrs. Sloan, and, in order to save the bondholders harmless from that, the $8,000 of bonds were deposited. The effect of this was, not to appropriate the $8,000 to the payment of said debt, but to leave it in pledge until the property was sold, and if, at said sale, the property brought enough to pay the amount due Mrs. Sloan and any other incumbrance, such as that due to Mrs. Sloan, and also the whole amount of the bonded indebtedness, then the bondholders had been saved harmless, and the $8,000 (whether in money or bonds) was released from the pledge. If, on the other hand, the property did not bring enough to thus hold the bondholders harmless, the $8,000 which had been deposited for that purpose would be applied as far as necessary to make up the deficiency. It is not a question of setting off the indebtedness of the real estate company against the amount due on the bonds, for Wright has never acquired any personal claim against the real estate company, except by virtue of his ownership of the $72,000 of bonds, and the extent of that was only that prior incumbrances should not impair the value of said bonds. The $500 paid by complainant on the purchase of said $8,000 of bonds has nothing to do with this case. That simply is a part of the purchase money paid by him for the bonds, and he owes the realty company the balance of the purchase money.

While the agreements in the case seem to indicate that the property is worth largely more than enough to pay off the prior incumbrances and the entire bonded indebtedness, yet the court can only declare the rights and priorities of the parties, and according to the view

[Moses v. Philadelphia Mortgage & Trust Co.]

of this court, it will be the duty of the city court to ascertain: (1) What amounts are due the heirs of said Wright on account of payments made on both of the Sloan debts: (2) what amount is due on the $72,000 of bonds held by the heirs of Wright; (3) what amount is due on the $8,000 bonds held by the complainant; (4) what will be a reasonable attorney's fee to be allowed to complainant's attorneys for foreclosing said mortgage, having reference only to the amount due on complainant's bond. Said court, after ascertaining these matters, will order the property to be advertised and sold in accordance with the terms of the deed of trust, and shall appropriate the proceeds of said sale: (1) To the payment of costs of court; (2) to the payment of all amounts due the heirs of said Wright on account of payment by said Wright of said prior incumbrances; (3) to the payment of the amount due on said $72,000 of bonds held by the heirs of said Wright; (4) to the amount due on the $8,000 of bonds held by complainant, and the amount of attorney's fee allowed to complainant's solicitor. The residue of said purchase money shall be paid to said heirs of said Wright. The judge of said city court shall make such other orders and decree as may be necessary for the vesting of title in the purchaser, and such other matters as may be necessary to wind up and conclude the case.

Reversed and remanded.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur.