WILLIAMS et al. *versus* BERRY et al.

1. Where a bill for an injunction, together with the answer, are submitted to the Chancellor, on a motion to dissolve; and it appears that the bill contains equity, if verified, to authorise relief; but the answer denies the material allegations; then the injunction should be dissolved: and, *if desired*, by the complainant, the cause should be set for hearing, on bill, answer and proofs—*otherwise*, be at once, dismissed.

2. But, notwithstanding a motion be submitted to dissolve, on bill and answer, alone, if the court be satisfied, that the case as presented by the bill, does not contain sufficient equity to authorise relief; then the injunction may be dissolved, and the bill dismissed, without consulting the complainant.

3. The statutes of this State, having authorised the trial of controversies, for sums under fifty dollars, originating before justices of the peace, to be had, upon the *justice and equity* of the case—Chancery will not interfere in such cases, where justice does not most obviously demand it; and, even then, only in cases, exceeding twenty dollars.

This was a bill in Chancery, filed by Williams, in Tuskaloosa Circuit court; the object of which, was to enjoin a judgment at law.

The facts, material here to be stated, were, that Williams, having executed a note to Berry, for nine dollars, the latter, for the use of Wright, recovered a judgment thereon, before a justice of the peace; which judgment was, afterwards, affirmed, by the Circuit court, on appeal. Before the justice of the peace, on the trial, as well as before the Circuit court, Williams relied upon an off-set, being a note of Berry, for twenty-seven dollars, which had been transferred, by delivery, to him, Williams, by one Perkins, before the note of Williams had been assigned to Wright. The off-set was disallowed, on the ground, (as was alleged, in the bill, but denied, in

the answer,) that no regular and formal transfer of the note, had been made to Williams; and, that any interest he held therein, was only equitable.

To establish this off-set, and, to enjoin the judgment, the bill was filed. On a motion to dissolve the injunction, the bill and answer were submitted to the court; and upon which the Chancellor rendered a final decree—for a dissolution of the injunction, and dismissal of the bill.

Williams, to reverse this decree, with his surety, prosecuted a writ of error to this court.

*Crabb*, for complainant—*Ellis, contra*.

SAFFOLD, J.—This was a proceeding in chancery, for an injunction. The bill charges, that, on the 6th of March, 1828, the complainant, Williams, executed his promissory note for *nine dollars*, payable thirty days thereafter, to the defendant, Berry, or bearer: that afterwards, during the same month, Williams purchased of Perkins, a note, executed by Berry, for the sum of $27 50, dated the 5th of March, same year, payable five days after date, to said Perkins, and received a transfer thereof by delivery. That afterwards, in the same month, the complainant, Williams, received notice, for the first time, of the transfer of said first described note, by the defendant, Berry, to one Martin Binion, and also, afterwards, on the same day, was informed that the defendant, Wright, had purchased it. That afterwards said Wright instituted a suit, before a justice of the peace, on the same note, in the name of Berry, for his use, against said Williams; in which suit the then plaintiff, recovered judgment for the amount of the note;

from which Williams appealed to the Circuit court, with Perkins as security. That on the trial of said appeal, Williams offered, as a set-off, the said last-described note, transferred to him as aforesaid, which the presiding judge rejected, on the ground that it was, at best, but an equitable set-off, and gave judgment against the appellant and his security, on the appeal bond, for the sum of nine dollars debt, and sixty-six dollars damages, and costs, amounting to about forty-three dollars. The complainant further represents, that Berry is reputed to be, and to have been, during all the time referred to, insolvent, which he believes to be true; and that execution had issued on said judgment against his property.

The prayer of the bill is, that the defendants should answer, fully, the allegations thereof; and that so much of the note which had been transferred to Williams, by Perkins, should be set-off against the demand for which judgment had been rendered, as would satisfy the same, and that an injunction should issue to stay the execution, &c.

The injunction was granted accordingly. The defendant, Wright answered the bill separately; after which his counsel moved a dissolution of the injunction; which motion, on bill and answer, was submitted by the parties, for the decision of the court. On this submission, the court rendered a final decree; declaring that the answer denied all the material facts of the bill; and decreeing a dissolution of the injunction. It was also decreed, that the bill should be dismissed for *want of equity*, and that the complainant pay all the costs of the suit.

This decree is the cause assigned for error.

The answer materially varies the facts of the case;

among other things, it denies that the ground of the decision of the circuit court, in rejecting the offered set-off, was that assumed by the bill.    On the contrary, it is averred, that the court decided that the note of Berry, from the facts of the case, could not, in any point of view, be received as a set-off.    The answer further denies all the most essential facts relied upon by the complainant for the injunction.— The answer is insisted upon in argument, as well as the want of equity in the bill, as the grounds for sustaining the decree now sought to be reversed.    It may, however, be remarked, that the ground of decision, as declared by the Circuit court, can have little or no influence on the present decision; therefore, it is unnecessary to investigate the contested fact, as to the principle of the decision, on the trial of the appeal relative to the set-off.    If it appear to this court, from the facts of the case, that the set-off was not legally admissible, the rejection must be sustained, so far as this court is authorised, in this form, to reverse that decision, however different may be the views governing this court, from those which influence the decision : but inquiry respecting the legality of the rejection, is precluded, from the circumstance, that the decision of the Circuit court, on the appeal, has not been brought up in any legal mode for revision here : on the contrary, the complainant has evinced his acquiesence therein, by resorting to chancery, instead of an appeal or writ of error.

The correct rule of chancery practice is conceived to be, that if an injunction bill, and the answer, be submitted to the chancellor, on mere motion to dissolve the injunction ; and it appear that the bill con-

tains sufficient equity, if ultimately verified, to authorise relief in chancery, but the answer has denied the truth of the material allegations, then the injunction should be dissolved, and, if desired by the complainant, the cause should be set down for hearing on bill, answer and proofs. If this be not desired, the bill may at once be dismissed. But, notwithstanding, the motion may have been to dissolve, on bill and answer, alone, if the court be satisfied, that the case, as presented by the bill, does not contain sufficient equity, to warrant relief in chancery, then, there can be no error, in dissolving the injunction, and dismissing the bill, for that cause, without consulting the complainant, as was done in this case.

Here, however, as the main exception to the decree, relates to the dismissal of the bill, before the complainant had an opportunity of offering proof, in support of it; and, before the cause had been submitted, for final hearing—the proper, and only material inquiry, is, whether or not, the bill, independent of the answer, contains equity, authorising the relief, sought.

The note to Berry, which was transferred to Wright, and on which the suit was originally brought, was made payable to Berry, *or bearer*, was transferred, by delivery, to Wright, and was only for nine dollars. It is not charged, that Williams held any set-off against Berry, at the time of the transfer of this small note, by the latter, to Wright; but, it is admitted, and alleged, as a ground of relief, that Berry then was, and has ever since remained insolvent.— If, therefore, the note offered, as a set-off, was obtained by Williams, before he had notice of the assignment of his note to Wright, but after the assignment

had, in fact, been made, (and which is to Williams, the most favorable inference, that can be drawn from his bill,) equity would not necessarily require an allowance of the set off.  Nor would it, if the note offered as such had been legally assigned to Williams, which seems not to have been done, as the note was payable to Perkins alone—not to him or *bearer*—and was transferred by delivery merely.  In the latter case, the statute would have entitled the defendant to the set-off, though the equity may have been equal, or, it may have preponderated against him, according to the circumstances of the case.

In a case where equity is equal, and either party has a legal advantage, chancery will not interfere, to deprive him of it.  Here, if the equity is balanced, the defendants have the legal advantage—either on the ground, that the set-off was not admissible at law ; or, if it was, then, on the ground, that the complainants did not prosecute error, from the decision rejecting it.

If it be admitted that Williams, as possessor of the note drawn by Berry, payable to Perkins, held an equitable interest therein, against Berry, it does not follow, that he thereby acquired any equitable demand against Wright, to whom Berry had assigned his note ; or against the note, after being so assigned.  But, from the views of the court, in reference to the amount in contest, it is unnecessary further to investigate the abstract principle of equity ; or the consequence, of the suit before the magistrate, having been instituted in the name of Berry, for the use of Wright, when it should have been in the name of the latter, the legal bearer.  The amount

is conceived, to be an insuperable objection, to the interposition of chancery. The sum sued for, being not more than about one fourth of the amount of the costs that must necessarily arise, in the prosecution of a suit in chancery, this is obviously an inexpedient remedy. It was, doubtless, from a conviction of this, that the statute has authorised justices of the peace, in trials before them, where the sum claimed, does not exceed twenty dollars, to examine the plaintiff and defendant on oath; and to give judgments, as to them the right of the cause may appear. If an appeal be taken, (which is a matter of right, in all cases, even to the Circuit court,) the principle is entirely clear; and, it is the uniform practice, to conduct the trial, on appeal, in the same manner, as authorised before the magestrate; and, this trial is directed to be, by the judge, without the intervention of a jury : in cases of the same amount, where the sum exceeds twenty dollars, the court shall try the appeal *de novo*, as any other cause, in the same court, on issue joined.[a]  Pursuing the same object, of dispensing with the necessity of resorting to Chancery ; and, avoiding injustice by defeat or delay, for causes, not effecting the merits of controversies for small sums, the act of 1819,[b] has provided, " that, in cases of appeals from judgments of justices of the peace, the court, before whom such appeal shall be brought, shall proceed to try the same, according to the justice and equity of the case, without regarding any defect in the warrant, *capias*, summons, or other proceeding, of the justice of the peace, before whom the same was tried." As equitable rights cannot be in direct opposition to those that are legal, except, in the form and manner

[a] Toul.Dig. 511

[b] Ibid, 189.

WILLIAMS et. al. *vs.* BERRY et al.

of adjudicating them, and in the rules of evidence; it is conceived, that the statutes referred to, were intended, to secure to the parties, in suits, under fifty dollars, originating before justices of the peace, all the justice and equity, to which they are entitled—especially, where the amount in controversy, does not exceed twenty dollars; and, where the parties are competent to give evidence, as other witnesses. If, in any such case, the regular interposition of chancery can be allowed, we think it can only be, where the sum exceeds twenty dollars—excluding the testimony of the parties: and where, under peculiar circumstances, justice obviously demands the interference. That, the statutes referred to, particularly the last, not only cures informality and defects, in the proceedings of the magistrate, but authorises the justice of the peace and the appellate court, to determine the right, according to the principles of equity and justice.

As respects the cost of this litigation, previous to obtaining the injunction, though it exceed four-fold the amount of the debt sued for, it does not appear, to be legally or equitably, chargeable to these defendants; but, to have arisen from the complainants' fruitless efforts, to establish the set-off—consequently it cannot be considered, in determining the adequacy of the sum, for chancery cognizance.

This objection, respecting the amount in controversy, is recognised, in the State of New York, in the cases of *Moore* vs. *Lyttle*,[a] and *Fullerton* vs. *Jackson*.[b] It is there held, that chancery will not interpose, in claims under fifty dollars, cognizable before justices of the peace, or the courts of common pleas: that they are competent to determine their equity.

[a] 4 John.Ch 183

[b] Ib. 276.

We consider our tribunals, for the trial of small sums, no less competent; and, the objection no less available, here.

In the latter case, referred to, the New York Chancellor remarks, "It is too expensive, and consequently, oppressive, to sue in this court—except, in special cases, for so small a sum as twenty-eight dollars." A similar doctrine is understood to prevail, in most of the States of the Union, and in England.

In as much, then, as there was no sufficient cause presented by the bill, to authorise relief in chancery, we think there was no error, in dismissing the bill, under the circumstances, and in the manner in which it was done : therefore, the decree must be affirmed.