## HALL vs. CANNTE & WIFE.

1. Courts of chancery in this State have jurisdiction of purely equitable demands over twenty and under fifty dollars.
2. When suit is brought against husband and wife, on a note executed by them jointly after marriage, and the wife pleads separately her coverture, to which plaintiff replies specially, and his replication is overruled, it is erroneous to enter judgment on the demurrer in favor of both defendants; the proper judgment would be, that the wife be discharged, leaving the husband in court.

ERROR to the Circuit Court of Lowndes.

Tried before the Hon. NATHAN COOK.

Hall commenced two actions before a justice of the peace against the defendants in error, founded on two promissory notes executed by them jointly, each for $44 $\frac{12}{100}$, dated January 30, 1849, and payable January 30, 1850. The justice rendered judgment in each case in favor of the plaintiff, and the defendants appealed to the Circuit Court, where plaintiff filed his statement against them. The pleas found in the record are in these words:

"*Defendant*, pleading in short by consent, pleads: 1. *Non assumpsit;* 2. That Mary R. Cannte, at the time of the making and execution of said note in the plaintiff's declaration mentioned, was a married woman, and not capable of contracting, and is now a *feme covert*, and pleads this plea in bar."

To this plea plaintiff replied, "that, at the time of the execution of said note in plaintiff's declaration mentioned, and ever since, the said Mary R. Cannte was possessed of a separate estate, consisting of real and personal property, secured to her sole and separate use by deed of marriage settlement, and that she signed the said note as security for her husband, the said James Cannte; that the amount is under fifty dollars, and that the only remedy is by a suit before a

Hall v. Cannte and Wife.

magistrate, as the amount is below the jurisdiction of a court of chancery, there being no special circumstances to give chancery jurisdiction, except the mere fact of her coverture."

To this replication there was a demurrer, which was sustained; and the court thereupon rendered judgment, "that the defendants go hence, and recover of the plaintiff the costs."

The errors assigned are:

1. That the court sustained the demurrer to the replication;
2. That the court gave judgment for the defendants.

WILLIAM HUNTER, for plaintiff in error:

These cases present the question, whether a justice of the peace has chancery jurisdiction, when the amount involved is too small for chancery in its own proper court. The statute clearly gives this jurisdiction. Clay's Digest, 358 § 1. Its language is: "All debts and demands not exceeding fifty dollars, for a sum or balance due," &c. In England, a justice's jurisdiction is given by the common law, which could confer no chancery jurisdiction; but ours derive their jurisdiction from the statute only, whose terms are broad enough to include debts or demands due from a married woman. Wood v. Wood, 3 Ala. 763; Williams v. Berry, 3 Stew. & P. 284; 4 Johns. Ch. 183. The statute should be construed liberally, so as to give remedies, and prevent a failure of justice; and public convenience requires that this remedy should be given.

As to the general remedy and right to sue husband and wife jointly, see 8 Ala. 399; 17 ib. 797, and authorities there cited.

GEO. S. COX, contra:

1. The demurrer was properly sustained. In no case, can a married woman's separate estate be subjected in a court of law; nor can husband and wife be sued at law on a joint contract, for the contract of the wife is that of the husband. 8 Ala. 907; 10 ib. 291.

2. The replication is not good, even admitting that both could be sued at law, because it shows no state of facts creating an obligation to pay out of the wife's estate. Vance v. Wells & Co., 8 Ala. 399.

3. Although the amount of each note was less than fifty dollars, the two might have been united in one suit; and chancery has original, inherent jurisdiction in matters of trust.

GIBBONS, J.—The decision of the court below, in sustaining the demurrer to the plaintiff's replication, raises the question, whether chancery has jurisdiction in this State of sums under fifty dollars.

The negative of this proposition seems to be assumed by the counsel for the plaintiff in error. The examination, however, which we have been able to give to the question, induces a different conclusion. In Wood v. Wood et al., 3 Ala. 756, where a bill was filed to recover a distributive share of an estate, and where it was ascertained that the complainant was only entitled to seventeen dollars and fifty cents, the court uses the following language: "Now it has been considered by this court, that the statutes regulating appeals from justices of the peace, and the mode of trial in the higher courts, secure to parties all the justice and equity to which they are entitled; especially, when the amount in controversy does not exceed twenty dollars," citing Williams et al. v. Berry et al., 3 Stewart & Porter 284. In this latter case, it will be observed, that the matter actually in controversy was also less than twenty dollars; the court, however, in remarking upon the statute of 1819, detailing how appeals shall be tried in the appellate court, uses language well calculated to mislead. That statute is as follows: "That in cases of appeals from judgments of justices of the peace, the court before whom such appeal shall be brought, shall proceed to try the same according to the justice and equity of the case, without regarding any defect in the warrant, *capias*, summons, or other proceeding of the justice of the peace before whom the cause was tried." Upon this statute the court remarks: " As equitable rights cannot be in direct opposition to those that are legal, except in the form and manner of adjudicating them, and in the rules of evidence, it is concieved that the statutes referred to were intended to secure to the parties, in suits under fifty dollars originating before justices of the peace, all the justice and equity to which they are entitled, especially where the amount in controversy does not exceed

twenty dollars, and where the parties are competent to give evidence as other witnesses." The following sentence, in our opinion, recognizes the correct doctrine: " If," says the court, " in any such case, the regular interposition of chancery can be allowed, we think it can only be where the sum exceeds twenty dollars, excluding the testimony of the parties; and where, under peculiar circumstances, justice obviously demands the interference."

In the case of Beason v. Riddle, 11 Ala. 743, it was held, that a case upon appeal from a justice's court was not a suit in chancery, even to the extent of giving to the court a discretionary power over the costs, except in those cases expressly provided by statute. The court, in commenting upon the act of 1819, says: " Although the act of 1819 contemplates the proceedings of a justice of the peace, when removed by appeal, with much toleration, and requires that the trial shall be had upon principles of equity and justice, neither that, nor any other statute, makes them, either in terms or by construction, cases in equity." We know of nothing in our laws or decisions, nor can we see any reason in the nature of things, which forbids us to hold that chancery has jurisdiction of purely equitable demands over twenty and under fifty dollars. We see many reasons why justices of the peace should not have that jurisdiction. Our conclusion, therefore, is, that of rights purely equitable over twenty dollars, such as that disclosed in the plaintiff's replication to the plea of Mrs. Cannte, chancery has jurisdiction, and the demurrer was therefore properly sustained.

The second assignment of error assumes, that the court erred in rendering a judgment in favor of both the defendants below, on sustaining the demurrer to the replication to the plea of Mrs. Cannte. The legitimate judgment on this demurrer was, that Mrs. Cannte be discharged, leaving her husband in court; and this raises the question whether he could be retained, after the action was terminated as to her.

In the case of Palmer, use, &c., v. Severance & Stewart, 10 Ala. 346, the court says: " The construction hitherto given to the statute which makes joint obligations, &c., joint and several, (Digest 323 § 61,) has been, that it does not warrant the discontinuance of the suit when commenced against

several, except as to those who are not served with process, (Keebles v. Ford, 5 Ala. 183; Saddler v. Houston, 5 S. & P., 206; Adkins v. Allen, 1 Stewart 130;) and that if one is discharged by verdict, on a defence which does not arise subsequent to the contract, or is personal to the defendant insisting upon it, it will prevent or be sufficient cause to arrest the judgment against the others;" citing Ivey v. Gamble, 7 Poter 545, and Turner v. Lazarus, 6 Ala. 875. In examining the case of Ivey v. Gamble, it will be found, that the doctrine as above laid down is not borne out; but the rule is somewhat differently, and, as we think, more correctly, stated. "The rule," says Goldthwaite, J., in the latter case, "mentioned by Mr. Williams in his note to Saunders, (2 Saund. 207, note 2,) that a plaintiff cannot discharge his action against any one defendant, who has been sued on a joint contract, though unquestionable in England, has not been adopted in this country to the extent laid down in the note. Indeed, there is a manifest injustice in visiting on the plaintiff, as a fault, what is only his misfortune, when he has contracted with individuals who have not the capacity to bind themselves, as in the cases of infancy and coverture. Yet even in such cases, it has been decided in England, that the plaintiff cannot discontinue against the infant or *feme covert*, and proceed against the other defendants; but he is forced to discontinue against all, and commence a new action against those liable to be sued."

"A more reasonable rule has been adopted in New York, where the plaintiff is permitted to discontinue against a co-defendant who pleads any matter which shows an inability to make the contract declared on; and he proceeds against the other defendants." Hartness v. Thompson & Wife, 5 Johns. 160; Andrews v. Waring, 20 ib. 160; Whitbeck v. Cook & Wife, 15 ib. 483. This rule, it would seem, never extended, even in England, to those cases where one of the defendants was discharged by matter arising after the contract was made, as in the case of bankruptcy pleaded by one of the defendants. In such cases, the party pleading such defence could well be discharged, and the other defendants still held in court. 2 Saunders 207, note 2; 1 Wilson 90.

The rule which we deduce from an examination of the

cited authorities, as prevailing in this country, and particularly in this State, is, that where two or more persons are sued as joint makers of a note, and one is discharged on a defence personal to himself, and which existed before and at the time of the making of the contract, and denying his capacity to contract, or where such discharge is on any defence, personal or otherwise, arising after the making of the contract, this does not discontinue the whole action, and judgment may well be taken as to the others to whom such defence does not apply. But where the discharge of one is upon a defence not arising subsequent to the making of the contract, and is not personal to himself of the character above stated, then the discharge will operate as a discontinuance of the whole cause. Applying this rule to the case at bar, the plea of Mrs. Cannte was purely of a personal character, showing her want of capacity to make the contract, by reason of her coverture existing at that time. Under the rule above laid down, she might well have been discharged, and judgment have been rendered against her husband on the note; there was, therefore, error in entering judgment in favor of both defendants on the demurrer to the replication to her plea; and for this error, the judgment must be reversed, and the cause remanded.