## CRUMBLEY *vs.* SEARCEY.

[ACTION ON PROMISSORY NOTE.]

1. *Plea; what demurrable.*—In a suit against one of the makers of a promissory note, a plea by the defendant that his co-maker was, at the time of making the note, a married woman and principal in said note, and that he signed it as her surety, is subject to demurrer. So, also, is a plea that the consideration of the note was the hire of a slave.

APPEAL from Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

THE appellant brought suit against appellee, on a promissory note made by him, and Mary McGee and Rebecca Searcey, who were not sued in the action. The appellee pleaded in short by consent—1st, "that he was only surety for Mary McGee, who was the principal in said note, and who, at the time of making said note, was a *feme covert;*" and, 2d, "That the sole consideration of said note was the hire of a negro slave."

The court overruled a demurrer to each of these pleas, and rendered judgment for costs against plaintiff, and this action is now assigned as error.

SHORTER & McKLEROY, for appellant.
W. C. OATES, contra.

B. F. SAFFOLD, J.—In a suit upon a promissory note against one of the makers, a plea by the defendant that his co-maker was a married woman at the time, and that he signed it merely as her surety, is subject to demurrer. The obligation is several, as well as joint, and the plea of coverture is a personal defense.— Gibson v. Marquis, 29 Ala. 668; Hall v. Canute, 22 Ala. 650; 1 Parsons on Notes and Bills, 244; 30 Vermont, 122.

A plea, that the consideration of the note was the hire of a slave, is also bad.—Mudd v. McElvain, January term, 1870.

The judgment is reversed, and the cause remanded.