# Campbell & Wright *v.* Conner.

*Bill in Equity to establish Set-Off against Judgment.*

1. *Jurisdiction of equity, as affected by amount in controversy.*—Twenty dollars being considered the fixed minimum of chancery jurisdiction, a bill will be entertained where the entire amount involved is only twenty-seven dollars.

2. *Witness fees; merger in judgment, and set-off against.*—Witness fees

[Campbell & Wright v. Conner.]

in a civil suit, being taxed as costs, are merged in the judgment, and may be collected under execution for the benefit of the witness (Code, § 3140); and a cross demand which the party summoning the witness may have against him, not being available as a set-off in the action at law, may be established as a set-off in equity, on proof of the witness' insolvency when the claim accrued.

3. *Witness-certificate; assignment of, and set-off against.*—A witness certificate, not being commercial paper, is subject in the hands of an assignee, when transferred after maturity, to a set-off which was available against the witness himself.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 11th December, 1883, by Campbell & Wright, suing as partners, against J. M. Conner and George A. York; and sought to restrain the issue and levy of an execution on a judgment which said Conner had obtained against the complainants, and to establish an equitable set-off against it to the amount of $27, taxed as a part of the costs as the witness fees due said York. According to the allegations of the bill, the judgment was rendered by the Circuit Court of said county, on the 4th April, 1883, and was for the sum of $59.25, besides costs; and the fees due said York, who had been summoned and had attended several terms as a witness for the defendants in the suit, amounting to $27, were taxed as a part of the costs. The bill alleged that York, when he was summoned as a witness in the case, and during his attendance, was indebted to the defendants (complainants in the bill) in the sum of $300; that he never presented to them any of the witness certificates in his favor, or demanded payment of his fees; that he was insolvent, and nothing could be made out of him by legal process; that complainants had paid all of the judgment, except said item of the costs; and that Conner was seeking to enforce its collection by execution, "claiming that he had bought and was the holder of said witness claims of said York." The chancellor dismissed the bill, on motion, for want of equity, citing the following authorities: *Findlay & Cummings v. Wyser*, 1 Stew. 23; *Carville v. Reynolds*, 9 Ala. 969; *Hill & Procter v. White*, 1 Ala. 576; High on Injunctions, §§ 136, 142; *Dade v. Irwin's Executor*, 2 Howard, 383; *Parks v. Spurgin*, 3 Ired. Eq. 153. This decree is now assigned as error.

W. C. BREWER, for appellants.

R. H. ABERCROMBIE, and J. A. BILBRO, *contra.*

STONE, C. J.—It would seem that pecuniary emolument could not have been the motive of this suit, as the amount

[Hooper v. Columbus & Western Railway Co.]

involved—twenty-seven dollars—will not pay the expense of prosecuting the suit. Still, the amount claimed exceeds twenty dollars, which may be regarded as the fixed minimum of chancery jurisdiction.—*Hall v. Cannte*, 22 Ala. 650.

The bill contains every necessary averment to give the Chancery Court jurisdiction of the set-off claimed. York's fees for attendance as a witness for Campbell & Wright have become merged in the judgment Conner recovered against them, and can be collected by the sheriff, for York's benefit, under the execution issued on that judgment.—Code of 1876, § 3140. Campbell & Wright's set-off could not have been pleaded against York's claim in that suit. They are, then, guilty of no *laches* in not seeking redress in that court. Being the owners of the set-off when their liability to York accrued, and York being insolvent, if they pay the witness fees on the execution, they are without remedy to recover them back. This gives jurisdiction to the Chancery Court.— *Wood v. Steele*, 65 Ala. 436. The witness certificates, not being commercial paper, and, withal, transferred after maturity, are equally liable to set-off, as if still held by York.—*Carroll v. Malone*, 28 Ala. 521; *Ingraham v. Foster*, 31 Ala. 123; *Tate v. Evans*, 54 Ala. 16; High on Injunctions, 2d ed., 243.

Reversed, injunction re-instated, and cause remanded.