# Bell, Admr. v. Montgomery Light Co.

*Petition for the Appointmnnt of a Receiver.*

1. *Jurisdiction of equity as affected by amount in controversy.*—The maxim *de minimis lex non curat* applies to suits brought in courts of equity in this State, and unless the complainant's demand exceeds $20, a court of chancery will not take jurisdiction of the cause of action.

2. *Same; petition for the appointment of a receiver; when properly disallowed.*—A stockholder of a business corporation, filed his bill to redress alleged corporate wrongs, and asked for the appointment of a receiver of the corporation. He averred in his bill that he owned stock of the nominal face value of $8, but that its real value was $100, and the grounds upon which the receiver was asked were, that by the mismanagement and fraud of P., the corporation had become practically insolvent, and "the stock wholly valueless on the market." It was further averred in the bill that the capital stock of the corporation consisted of 2,000 shares of $100, each, and that P. was owner of about 1,800 shares. There was no averment as to the insolvency of P., but there was an *ex parte* affidavit to that effect, to which P. filed no counter affidavit. It was averred by P. and the company, by way of plea and answer, that the entire interest and value of complainant's stock did not exceed $8. There was no evidence introduced by the complainant to support the averment that his stock certificate for $8 was of the value of $100. The creditors of the corporation were not complaining of the mismanagement of P. *Held:* That the appointment of a receiver upon the petition of the complainant was properly refused.

Appeal from the Chancery Court of Montgomery.

Heard before the Hon. Jere N. Williams.

Clark & Thomas and J. M. Chilton, for appellant.

TOMPKINS & TROY, *contra.*

The bill in this case was originally filed by a stockholder of the Montgomery Light Company, against Ignatius Pollak and the Montgomery Light Company; and prayed to have the charter of the Montgomery Light Company vacated and annulled, and to require Ignatius Pollak to account for moneys received by him on bonds and otherwise, for the benefit of the Light Company, or which belonged to said company, and for relief, looking to a redress of grievous wrongs, which were alleged in the bill to have been perpetrated by said Pollak and his associates against the said company and its stockholders. Subsequently the complainant filed a petition asking for the appointment of a receiver of the corporation, upon the grounds of alleged mismanagement of the corporate affairs by Pollak, and of frauds committed by him, by reason of which the corporation had become practically insolvent and the stock wholly valueless. Complainant alleged that he owned stock of the nominal value of $8 but that its real value was $100.00. Defendant denied that his stock was worth more than $8.00. There was no complaint on the part of the creditors of the company as to its mismanagement.

On the hearing of this petition, the chancellor overruled it, and refused to appoint a receiver. His decree in this behalf is appealed from, and the same is here assigned as error. Decree affirmed.

Opinion by COLEMAN, J.