## Bains Bros. Invest. Co. *v.* Walthall, *et al.*

### *Bill to Redeem from Tax Sale.*

(Decided November 28, 1912. 60. South. 142.)

1. *Taxation; Sale; Redemption; Remedy.*—The remedy given by section 1328, 1329, Code 1907, for redemption from tax sales is not exclusive and does not take away the remedy by bill in chancery.

2. *Same; Defeat of Right.*—A purchaser at a tax sale held December 4, 1909, cannot defeat the owners right to redeem by listing the property for taxation for the following year, after the owner has made a tender and offer to redeem.

3. *Equity; Amount Involved; Redemption.*—Under a bill to redeem from tax sale the amount involved is not the test of equity's jurisdiction.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by R. E. Walthall and H. C. House against the Bains Bros. Investment Company to redeem land from

tax sale.  From a decree overruling demurrer to the bill, and granting the relief prayed, respondents appeal. Affirmed.

The bill alleges that the complainants are the owners of and in possession of certain lots in the city of Birmingham, which on December 4, 1909, were sold by the chancery court of Jefferson county for the city taxes due the city of North Birmingham, and that respondents became the purchasers at said sale at and for the sum of $17.80.  It is further averred that complainants have tendered respondents the sum of $20.40, for the purpose of redeeming said property, which has been refused. They submit themselves to the jurisdiction of the court, ask for redemption, and pray that all title, estate, and interest to said real estate be divested out of the respondents and invested in complainants.  The demurrers set up an adequate remedy at law, that the amount is less than $50, and the failure to tender the amount due for taxes for the year 1910.

Z. T. RUDOLPH, for appellant.  Complainant had a plain and adequate remedy at law under sections 1328 and 1329, Code 1907.  The taxes for the year 1910 had already attached a lien on the property and a charge against appellants.—Section 2093, Code 1907; *Frost v. The State,* 153 Ala. 657.  The charges against the property for state, county and city taxes had attached for the year 1910 and should have been included in the tender made.—*Cramer v. Watson,* 73 Ala. 122; *Ebersole v. Ellington,* 156 Ala. 575; *Burke v. Brown,* 133 Ala. 493.

GREGG & BURROW, for appellee.  No brief reached the reporter.

DOWDELL, C. J.—The bill in this case is for re-demption of land under tax sale. The remedy given for redemption under sections 1328, 1329, of the Code of 1907, is not exclusive, and does not take away the remedy by bill in chancery in such cases. The bill being one for redemption of land, the amount involved is not the test of jurisdiction of the chancery court. The demurrer to the bill was properly overruled.

The only other question presented is one of fact. The weight of the testimony, we think, both as to the offer to redeem and the sufficiency of the amount tendered, was in favor of the complainant, and such was the finding of the chancellor. The respondent had not assessed the property for taxes for the year 1910, when the offer to redeem was made, and it would be inequitable to allow the purchaser to defeat a redemption by subsequently giving in the property for assessment in his name. The purchaser was not the owner of the property on the 1st day of October, 1909, the beginning of the tax year 1909-10, and therefore no personal liability rested on the purchaser as owner at the beginning of the tax year, when the property became assessable for the year 1910. It is shown by the evidence that the complainant also had the property assessed in his name for the year 1910.

We find no error in the decree of the chancellor, and it will be affirmed.

Affirmed. All the Justices concur.