143 So. 824

## BURNS v. AUSTIN et al.
### 7 Div. 103.

Supreme Court of Alabama.
Oct. 6, 1932.

Harrison & Stringer, of Talladega, for appellees.

Merrill, Jones, Whiteside & Allen, of Anniston, for appellant.

**BROWN, J.**

Appellant's first contention is that the bill as amended was subject to the objection pointed out by the 20th ground of demurrer, "for that the date of the death of Bethany Knox is not alleged with sufficient certainty." The averment in this respect is that "Bethany Knox died intestate prior to the filing of the original bill."

Taking the averments of the amended bill as true, which must be done on demurrer, default has been made in the payment of the entire indebtedness secured by the mortgage, and, under the stipulations in the mortgage accelerating the right of foreclosure, the failure to pay any one of the payments provided for in the mortgage, con-

ferred on the complainants, who are alleged to be the owners of the debts secured thereby, the right of foreclosure, and therefore the date of the death of Bethany Knox is not material to the equity of the bill. Stathis v. Sparks, 220 Ala. 689, 127 So. 169.

The next contention- is that the court erred in overruling the 9th ground of demurrer to the bill as amended, that "it does not appear what amount, if any, is due under said mortgage to P. C. Lambert."

The indebtedness due to P. C. Lambert under the terms of the mortgage was at least $25, payable on the death of Bethany Knox. This was sufficient to give the court, sitting in equity, jurisdiction to entertain the bill. Hall v. Cannte & Wife, 22 Ala. 650; Campbell & Wright v. Conner, 78 Ala. 211; Bell, Adm'r, v. Montgomery Light Co., 110 Ala. 651, 19 So. 188; 3 Mayf. Dig. 185, (a) 4.

Neither the averments of the bill nor the stipulations in the mortgage authorize the allowance of solicitor's fees for a foreclosure in equity (Mayfield Digest 230, (a) 43], and the fact that the bill prays for the allowance of such fees—relief not warranted by the averments of the bill—does not render it subject to demurrer. Wilks et al. v. Wilks, 176 Ala. 151, 57 So. 776; Thomas v. Skeggs, 213 Ala. 159, 104 So. 395.

It does not appear on the face of the bill that the complainants have been guilty of laches, or that the demands which the bill seeks to enforce are stale, and the grounds of demurrer taking this point were not well taken. Woods et al. v. Wright, 223 Ala. 173, 134 So. 865; Phillips et al. v. Phillips et al., 223 Ala. 475, 136 So. 785; Walshe v. Dwight Mfg. Co., 178 Ala. 310, 59 So. 630; Lovelace v. Hutchinson, 106 Ala. 417, 17 So. 623.

As a general rule the personal representative of a deceased mortgagor is a proper party to a bill to foreclose, and in some cases a necessary party, but where, as here, the mortgagor, prior to his death, parted with all his rights, title, and interest in the mortgaged property, and the sole purpose of the bill is to subject the mortgaged prop-erty to the satisfaction of the debts secured, and no accounting against the mortgagor or decree over against his estate is sought, and ˙the heirs at law of the deceased mortgagor are before the court as complainants, his personal representative is not a necessary party. Inge et al. v. Boardman, 2 Ala. 331; Eslava v. New York National Building & Loan Ass'n, 121 Ala. 480, 25 So. 1013; Shelton et al. v. Timmons, 189 Ala. 289, 66 So. 9; Carwile et al. v. Crump et al., 165 Ala. 206, 51 So. 744. The demurrers to the bill as amended were, therefore, properly overruled.

The evidence clearly justifies the conclusion that the mortgage, which complainants seek to foreclose, was given by W. E. Knox to his mother in the purchase of the property, in consideration of which he was to pay to her $100 per. year for her support, or to furnish support and maintenance for her in his home, and to pay the amounts stipulated to the others named in the mortgage as part of the purchase price; that when W. E. Knox conveyed the property to appellant, Burns, in satisfaction of the mortgage, or mortgages, executed by Bethany Knox and W. E. Knox to Burns, he, Burns, assumed the payment of the debts ˙secured by the mortgage in question as a part of the purchase price for the property.

We entertain no doubt that Burns, in his dealings with Bethany Knox and W. E. Knox, had full knowledge of the existence of the mortgage in question, and the conclusion that he assumed the payment of the several sums which W. E. Knox agreed to pay, is supported by the fact that he acknowledged his liability of these debts subsequent to the conveyance to him, as evidenced by his letter to Mrs. Austin, and that he, himself, filed the mortgage in question for record.

By this arrangement Burns became personally liable for the payment of the debts secured by the mortgage, entitling the complainants to proceed against him for foreclosure. People's Savings Bank of Tallahassee et al. v. Jordan, 200 Ala. 500, 76 So. 442; Eppes v. Thompson, 202 Ala. 145, 79 So. 611; Copeland v. Beard,. 217 Ala. 216, 115 So. 389, 21 A. L. R. 440, 454, 480, note; Whittle v. Clark et al., 219 Ala. 161, 121 So. 530; Maulitz v. Jones, 222 Ala. 609, 133 So. 701.

In these circumstances the appellant is not in a position to assert, as against complainants, that the execution of the deed by W. E. Knox was in lieu of foreclosure, so as to compel the complainants to redeem, and the doctrine declared in Dennis v. McEntire Mercantile Company, 187 Ala. 314, 65 So. 774, and cases of like import, cannot be applied.

Any one of the complainants holding separate debts secured by the mortgage had the right to file the bill to foreclose in behalf of himself, and all others who desired to join, or all might join as complainants. 41 C. J. 886, § 1100; Moses v. Philadelphia Mortgage & Trust Co., 149 Ala. 88, 42 So. 868.

The amount of the indebtedness secured by the mortgage should be ascertained before a sale of the property.

The evidence is without dispute that P. C. Lambert lived with Bethany Knox up until the death of Bethany Knox, and, under the terms of the mortgage, she was then

entitled to receive $100, and the failure of the respondent to pay said sum accelerated the other payments. Therefore, interest should be allowed on the amount due P. C. Lambert from the date of the death of Bethany Knox, but the complainants are not entitled to solicitor's fees.

The decree of the circuit court is corrected, directing the register, after giving the parties notice as required by law, to execute the reference, ascertain the amount of the indebtedness, and file his report, allowing the same to remain on file five days for exceptions, after which the same with such exceptions as may be filed, will be delivered to the court for consideration, and pending the coming in of the report and its consideration, together with such exceptions as may be filed, proceedings to foreclose by sale of the property will be deferred.

All other matters are reserved for consideration by the circuit court. Appellees are taxed with the costs of the appeal.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.