24 So.2d 537

## McENTYRE v. FORMAN.

### 7 Div. 828.

Supreme Court of Alabama.

Jan. 24, 1946.

John R. Robinson and John A. Lusk, Jr., both of Gadsden, for appellant.

Hood, Inzer, Martin & Suttle, of Gadsden, for appellee.

**PER CURIAM.**

The appeal is from a decree of the Circuit Court, in Equity, of Etowah County, overruling demurrers to the bill of complaint filed by Robert H. Forman against E. C. McEntyre, individually, and doing business as E. C. McEntyre Lumber Company.

Complainant avers that, on to-wit, November 1, 1940, he and the respondent entered into a written contract whereby in consideration of the sum of $300 cash paid by the complainant to the respondent and in further consideration of the services of the complainant to the respondent in helping the respondent in making financial arrangements and securing finances to operate his business known as E. C. McEntyre Lumber Company at Attalla, Alabama, the respondent agreed and contracted to pay the complainant ten percent. of the gross sales of the E. C. McEntyre Lumber Company, a copy of which contract is attached and made exhibit A, with the usual leave of reference.

Complainant further avers that he paid to the respondent $300 in cash at the time of the execution of said contract and that he also furnished the respondent his services in securing financing and helped him to finance the business known as the E. C. McEntyre Lumber Company and that he has fully and completely complied with all the duties and obligations imposed upon him by the terms and provisions of said contract, but the respondent has breached and violated the duties and obligations imposed upon him by said contract in that he has failed and refused to pay to the complainant the amount, or amounts, provided for therein, although the complainant has demanded of the respondent that he comply with the provisions of said contract and pay to him the amount therein provided.

Complainant further avers that the E. C. McEntyre Lumber Company is and has been during the entire period covered by this contract, under the exclusive control and management of the respondent, E. C. McEntyre, who has kept or caused to be kept the books and records in connection with the operation of said lumber business and has at all time had in his possession or under his control, all of said books and records; that the complainant does not have now and has never had, access to said books or records and is unable to ascertain and does not now have the means or opportunity of ascertaining the contents of said books and records; that the E. C. McEntyre Lumber Company has since November 1, 1940, been engaged in a general lumber business and has sold large quantities of lumber to divers persons within and without the state of Alabama, which purchasers are unknown to complainant and cannot be ascertained, except through a full and complete discovery and accounting by the respondent; that it is essential to complainant's cause of action to ascertain the gross sales and the net sales of lumber sold by the E. C. McEntyre Lumber Company since November 1, 1940; that the said facts are not known to complainant; he has no means of knowing or procuring the necessary information to enable him to state an account against the respondent, or to prove

in court the facts upon which such accounting can be stated, without the aid of discovery by the respondent, or to determine the amount that he is entitled to receive from respondent under the terms and provisions of the contract referred to; that complainant has on several occasions demanded of the respondent a full and complete accounting of the business done by said Lumber Company, covering the period from November 1, 1940, but the respondent has consistently failed and refused to make any accounting whatsoever to complainant, or to make known to him the volume of business transacted by said Lumber Company since the date of said contract.

The complainant has been informed and believes and upon such information and belief charges the facts to be that the respondent has since, to-wit, November 1, 1940, done a large volume of business in the name of E. C. McEntyre Lumber Company and has made large profits and received large income from the management and operation of said lumber business but that the complainant has not received any amount whatever under said contract although he should have received ten per cent. of the gross sales made since said November 1. 1940.

Plaintiff further avers that he is without adequate and complete remedy at law to ascertain and determine his rights under said contract and the amount of money owing to him by the respondent but that the court of equity does have full and complete power and authority to require the respondent to make an accounting to complainant and to produce all books and records for inspection by the complainant, his agent or attorneys.

Complainant prays for the following relief:

"A. That the contract attached hereto as exhibit 'a' be construed by this court and that complainant's rights under said contract be defined and adjudicated.

"B. That the respondent be required to produce to this Honorable Court all of his books, papers and records kept or used in the operation of said business known as E. C. McEntyre Lumber Company of Attalla, Alabama, covering the period from, to-wit, November 1, 1940.

"C. That respondent be required to file in this court and furnish to the complainant a full, complete and itemized accounting showing the receipts and disbursements, sales and profits and all business transacted by him from said date of, to-wit, November 1, 1940, in connection with the management and operation of E. C. McEntyre Lumber Company.

"D. That this Honorable Court will ascertain and determine the amount that the respondent is indebted to complainant by virtue of said contract and that a judgment or decree be entered against the respondent and in favor of the complainant for said amount and that a lien be imposed upon the property of respondent for the satisfaction of said indebtedness.

"E. That this Honorable Court will direct the register or some other person to hold a reference for the purpose of ascertaining the facts and arrive at a true and correct accounting between the parties.

"F. If the complainant is in any wise mistaken in the relief herein specially prayed, he asks for such other further and general relief to which he may be entitled in the premises and he will ever pray."

Exhibit "A" attached to and made a part of the bill of complaint is as follows:

"This agreement or contract made this first day of November, 1940, by and between E. C. McEntyre, party of the first part, and Robert H. Forman, party of the second part, witnesseth:

"Now, therefore, it is mutually agreed between the parties hereto *hereto* as follows:

"1. The party of the first part promises and agrees with the party of the second part, in consideration of the sum of $300.00 cash in hand paid by the party of the second part to the party of the first part which the party of the first part hereby acknowledges and in consideration of the services of the party of the second part to the party of the first part in securing the financing and helping to finance the business belonging to the party of the first part known as E. C. McEntyre Lumber Company of Attalla, Alabama, to pay to the party of the second part ten per cent. of the gross sales that are made by the above named business from the date as above written, the damages to the party of the second part in case of a breach of this contract by the party of the first part to be determined from the net sales as shown on the books of the above company.

"2. The party of the second part agrees that in the event there are no net profits made in the conduct of the business in the manner a reasonably prudent business man would under like and similar circumstances

he will not hold the party of the first part liable in any measure of damages.

. "3. It is mutually agreed by the party of the first part and by the party of the second part that this contract is to run for an indefinite period of time, and is not to be terminated except by an agreement in writing signed by both parties to this agreement.

"In testimony whereof, the party of the first part and the party of the second part have hereunto set our hands and seals as of the day and year first above written.

"E. C. McEntyre Lumber Co. (L.S.)

"E. C. McEntyre (L.S.)

"Robert Forman (L.S.)"

█ Appellant (respondent in the court below) insists, first, that "a bill in equity seeking to recover a money judgment alone, should contain a positive averment that the amount which the plaintiff seeks to recover is sufficient to give the equity court jurisdiction."

The powers of a court of equity are not to be called into exercise to consider matters of trifling amount, or to consider nominal damages. In this State the maxim de minimis non curat lex applies, and unless the complainant's demand exceeds $20, the circuit court, sitting as a court of equity, will not take jurisdiction of the cause of action. Hall v. Cannte, 22 Ala. 650; Campbell & Wright v. Conner, 78 Ala. 211; Bell, Admr. v. Montgomery Light Co., 110 Ala. 651, 19 So. 188; 3 Manfield's Dig. 185(a) 4. See, also, Burns v. Austin, et al., 225 Ala. 421, 143 So. 824.

But the rule as stated is subject to some well established exceptions. It was held in Bains Brothers Investment Co. v. Walthall et al., 180 Ala. 45, 60 So. 142, upon a bill for the redemption of lands, that the amount involved is not the test of the equity court's jurisdiction. There are other exceptions which we need not here enumerate. See, 21 Corpus Juris, § 140, p. 158; 30 Corpus Juris Secundum, Equity, § 15, p. 335; 19 Amer.Jur. p. 49, section 20.

█ A bill of complaint seeking a moneyed judgment but claiming no specific amount because an accounting or discovery is necessary to ascertain the amount due, is not demurrable for want of jurisdiction of the court. In such a case, lack of jurisdiction is defensive matter to be pleaded by the respondent. 21 Corpus Juris, § 140, p. 158; 30 Corpus Juris Secundum, Equity, § 15, p. 335; 19 Amer.Jur. p. 49, section 20.

█ Appellant next insists that appellee's bill of complaint shows on its face that appellee has an adequate remedy at law. As to whether or not complainant has an adequate remedy at law, the instant bill is not distinguishable from the bill considered in the case of Boriss Const. Co. v. Deasey, 212 Ala. 528, 103 So. 470, where the Court said:

"The company agreed to keep the books of account showing all matters of expenditure and collections on account of these building operations, and showing all profits derived * * *. Such books and accounts have been kept, but complainant's demand for a settlement of account has been denied, and the information therein contained is peculiarly within the knowledge of the respondent and its president Julian I. Boriss, without a disclosure of which complainant will be unable to establish the measure of his rights.

"Under these averments in a suit at law, for what amount would plaintiff sue, and, as asked in Wood v. Hudson, 96 Ala. 469, 11 So. 530, 'if he should state an amount at a venture in a declaration, by what testimony would he proceed to establish his claim, unless by that of the respondents themselves?' The bill therefore shows the duty resting upon respondents to render complainant an accounting, and disclose the inadequacy of the remedy at law, occasioned by the necessity of discovery as preliminary to relief. There is equity in the bill. Wood v. Hudson, supra; Virginia & Ala., etc., Co v. Hale, 93 Ala. 542, 9 So. 256; Lindsey v. Mason, 165 Ala. 194, 51 So. 750; Hall v. McKeller, 155 Ala. 508, 46 So. 460; Rasch v. Peters, 201 Ala. 569, 78 So. 913."

Demurrers to the bill were properly overruled, and the cause is due to be and is affirmed.

Affirmed.

All the Justices concur, except LIVINGSTON, J., who dissents.