79 So.2d 551

**CITY OF TALLADEGA**

v.

**E. Stewart ELLISON.**

**7 Div. 177.**

Supreme Court of Alabama.

April 14, 1955.

Dixon, Wooten & Boyett, Talladega, for appellant.

450

Ellis & Fowler, Columbiana, and Huel M. Love, Talladega, for appellee.

Lawrence K. Andrews, Union Springs, for Alabama League of Municipalities, amicus curiæ, in behalf of appellant.

GOODWYN, Justice.

The City of Talladega, appellant, filed a bill in equity against E. Stewart Ellison, appellee, seeking ascertainment and collection of license taxes alleged to be owed by appellee. The bill is framed under the provisions of Code 1940, Tit. 37, Chapter 15, Art. 4, §§ 760 to 771, Act No. 152, appvd. March 4, 1937, Gen. Acts Ala. Ex. Sess. 1936–37, p. 169, providing for "cumulative remedies for collection of license tax" by municipalities of the state. Appellee's demurrer to the bill was sustained and appellant declined to amend. Thereupon the court rendered a decree dismissing the bill. This appeal is from that decree.

The bill alleges that appellee is engaged in the business of operating a retail grocery.

store and filling station within the police jurisdiction of the City of Talladega, but without the corporate limits thereof, and is liable for, but has not paid, certain license taxes prescribed for such businesses by duly enacted and published ordinances of said city. The following relief is sought by the bill:

(a) The granting of a temporary injunction, restraining the respondent from further operation or conduct of said businesses until payment of the license taxes found to be due and also payment of the court costs taxed against respondent. Section 761, supra.

(b) An accounting of the respondent for the amount of license taxes due. Section 762, supra. This part of the prayer for relief is in the nature of discovery.

(c) The rendering of a judgment in favor of complainant for the amount of license taxes found to be due together with the interest and penalties thereon. Section 762, supra.

(d) A determination of the property used by respondent in connection with such businesses and subject to a lien in favor of complainant under the provisions of Code 1940, Tit. 37, § 759, and a declaration and enforcement of such lien. Section 762, supra.

(e) On final hearing, the granting of a permanent injunction. Section 761, supra.

■ Appellee's demurrer attacked the sufficiency of the bill as a whole and each aspect thereof separately and severally. The decree recognized and discussed several issues raised by the demurrer addressed to the several aspects but concluded by sustaining the demurrer to the bill generally. In effect, the decree declares the absence of equity in the bill as a whole by reason of the rule of *de minimis non curat lex* announced in Williams v. Berry, 3 Stew. & P. 284. It was there declared that equity courts will not interfere in cases involving sums under $50 where justice does not obviously demand it, and, even then, only in cases involving more than $20. The general rule and some of the exceptions to

the rule were stated in McEntyre v. Forman, 247 Ala. 382, 385, 24 So.2d 537, 539, as follows:

"The powers of a court of equity are not to be called into exercise to consider matters of trifling amount, or to consider nominal damages. In this State the maxim de minimis non curat lex applies, and unless the complainant's demand exceeds $20, the circuit court, sitting as a court of equity, will not take jurisdiction of the cause of action. Hall v. Cannte, 22 Ala. 650; Campbell & Wright v. Conner, 78 Ala. 211; Bell, Adm'r v. Montgomery Light Co., 110 Ala. 651, 19 So. 188; 3 Manfield's Dig. 185(a) 4. See. also, Burns v. Austin, 225 Ala. 421, 143 So. 824.

"But the rule as stated is subject to some well established exceptions. It was held in Bains Brothers Investment Co. v. Walthall, 180 Ala. 45, 60 So. 142, upon a bill for the redemption of lands, that the amount involved is not the test of the equity court's jurisdiction. There are other exceptions which we need not here enumerate. See, 21 Corpus Juris, § 140, p. 158; 30 C.J.S., Equity, § 15, p. 335; 19 Amer.Jur. p. 49, section 20."

But in McEntyre v. Forman, supra, the following was also said:

"A bill of complaint seeking a moneyed judgment but claiming no specific amount because an accounting or discovery is necessary to ascertain the amount due, is not demurrable for want of jurisdiction of the court. In such a case, lack of jurisdiction is defensive matter to be pleaded by the respondent. * * *"

■ The bill here prayed for a moneyed judgment, among other things, and claimed no specific amount because of the necessity of a determination by the court of the amount due. Therefore, the maxim *de minimis non curat lex* has no application. McEntyre v. Forman, supra.

■ We have long held that where a bill, as here, sets up several distinct equities,

a decree sustaining a demurrer generally and making no reference to grounds of demurrer going to a part or aspect of the bill will be referred to the grounds of demurrer addressed to the bill as a whole, and on appeal here only the grounds going to the sufficiency of the bill as a whole will be considered. Haisten v. Zigler, 258 Ala. 554, 555, 64 So.2d 592; Grace v. Birmingham Trust & Savings Co., 257 Ala. 507, 512, 59 So.2d 595; Florence Gin. Co. v. City of Florence, 226 Ala. 478, 480, 147 So. 417; Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 159, 131 So. 14. It follows, then, that in order to affirm the decree of the trial court we must find that the bill is devoid of equity in any aspect.

The decree poses several questions with reference to the constitutionality of the injunction feature of Art. 4, Chapter 15, Tit. 37, Code 1940, supra. These questions were not decided by the trial court but the decree contains a suggestion that this court answer them if we should find that the decree sustaining the demurrer was erroneous.

We have carefully examined the record and do not find that the constitutionality of any section of Art. 4, Chapter 15, Tit. 37, supra, was presented in the lower court; nor do we find it necessary to determine the constitutionality of any of those sections in order to determine this appeal. Therefore, consideration of the constitutional questions must be pretermitted. Donaghey v. Owens, 259 Ala. 376, 378, 66 So.2d 895, and cases there cited. We have said that a constitutional question "cannot be raised for the first time in a brief only." Coleman v. Mange, 238 Ala. 141, 143, 189 So. 749, 751.

We need only to add that when and if the constitutionality of Article 4, supra, or any section thereof, is properly presented here we will then pass on the constitutional questions.

Presuming, as we must, the validity of the solemn enactments of the legislature, Jefferson County v. Busby, 226 Ala. 293, 295, 148 So. 411; Lovejoy v. City of Montgomery, 180 Ala. 473, 476,

61 So. 597, and in accordance with the doctrine that "there are no limits to the legislative power of the state government save such as are written upon the pages of the state or federal Constitution," State v. Bley, 162 Ala. 239, 243, 50 So. 263, 264, and there being no question of the unconstitutionality of Article 4, Title 37, supra, or any section embodied therein, properly before us for decision, we need only decide whether the bill, in any aspect thereof, seeks relief authorized by Article 4, supra, or other provision of law.

In view of what has been said, we need only discuss that aspect of the bill which seeks injunctive relief.

In this connection, it becomes important to examine the bill and the provisions of Sections 760 and 761 of Article 4, Title 37, supra, to determine whether or not facts have been alleged, as provided by these sections, showing that appellant is entitled to the relief sought. These sections provide:

"§ 760. Bill or petition.—Any municipality of the State of Alabama may file in the circuit court, sitting in equity, in the county in which said petitioning municipality is situated, a bill or petition to enjoin the operation and conduct of any business, occupation, trade or profession subject to municipal privilege license or excise tax imposed by the petitioning municipality and which is delinquent in whole or in part. Said petition or bill shall be verified by the mayor, city clerk, police officer, or by any other governing official or by any employee of the municipality authorized to receive or collect said license or tax.

"§ 761. Injunctive relief.—Upon the filing and presentation of a bill or petition as herein authorized, it shall be the duty of the court to set a day for the hearing of said cause upon not less than ten nor more than fifteen days' notice thereof to be given the respondents; said notice to be in such form as the court may direct and at such hearing upon reasonable cause, to

grant a temporary injunction restraining the respondents from further operation of conduct of said business, occupation, trade, or profession, and no bond shall be required of the complainant as a condition thereto. The court shall not grant a temporary injunction unless it has reasonable cause to believe that the respondent owes a debt to the complainant for privilege license or excise tax. The court shall, upon final hearing, if the proof be sufficient, grant a permanent injunction restraining the respondent as herein directed to be done by a temporary injunction. Such injunctions may be dissolved in the manner herein provided."

The bill as last amended was filed by the City of Talladega, a municipal corporation situated in Talladega County, Alabama, in the Circuit Court of Talladega County, Alabama, in Equity, and was properly verified by the City Clerk of said municipality. The bill alleges the adoption by the municipality of certain ordinances, attached to the bill and made a part thereof, which "levied and fixed certain privilege licenses for businesses, trades, occupations and professions engaged in outside the corporate limits of the City of Talladega, Alabama, but within the police jurisdiction of said City of Talladega, Alabama, which ordinances have at all times since the adoption and publication thereof and are now in full force and effect." The bill further alleges the following:

"3. That E. Stewart Ellison is engaged within the police jurisdiction of the City of Talladega, Alabama, and outside of the corporate limits of said city of Talladega, Alabama, at a point on the Talladega-Sylacauga Highway in certain businesses, trades, occupations and professions, including the business of operating a retail grocery store and filling station without having first applied for, taken out and paid said privilege license therefor more particularly required by the ordinances of the City of Talladega, Alabama, more particularly hereinabove referred

to, and that said privilege licenses so provided have not been paid by said E. Stewart Ellison although the same, together with penalties thereon, are due and payable and delinquent.

"4. That in order to determine the exact amount of the business licenses owed to complaint [sic] by respondent under said above referred to ordinances, it is necessary for the complaint [sic] to know the exact type and nature of all businesses, trades, occupations and professions carried on or engaged in by said respondent within the police jurisdiction of the City of Talladega, Alabama, and the nature and type of all goods and merchandise sold by said respondent in said business and the value of the average stock of goods and merchandise of said respondent used by him in conduct of said business or businesses, that said information is peculiarly known to respondent and cannot be otherwise ascertained by the complainant. That such information is material to the relief sought in this cause. That complainant has no adequate means of obtaining said information without an accounting on the part of the respondent as more particularly provided by Title 37, Section 762 of the Code of Alabama, of 1940, and as further provided under the same laws of the State of Alabama."

These averments, in our opinion, are sufficient under Art. 4, Chapter 15, Tit. 37, supra, to move a court of equity to the aid of the City of Talladega, under the aspect seeking an injunction, and therefore, in accordance with the stated rules of review, the demurrer addressed to the bill as a whole should have been overruled. Accordingly, the decree of the trial court is due to be reversed and the cause remanded. It is so ordered.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.