HOLMES, Judge.
This an employee dismissal case. The case is before this court by writ of certiora-ri.
Carroll L. Thorne, the appellant, was employed by the City of Birmingham as a Senior Community Resource Officer with the Community Development Department. On December 18, 1980, the appellant was arrested at a “mini-movie” theatre and charged with indecent exposure and disorderly conduct. Subsequent to his arrest, the appellant was notified by his department head that there would be a determination hearing on January 6, 1980, concerning contemplated personnel action against the appellant. On January 7, 1981, the appellant was notified by the Personnel Board of Jefferson County that he was being terminated as the result of violation of rule 6.2(c), conduct unbecoming an employee in the public service and 6.2(e), disorderly or immoral conduct, of the Jefferson County Personnel Board’s Rules and Regulations.
Pursuant to Section 22 of the Personnel Board’s Enabling Act,[1] appellant submitted a notice of appeal of his dismissal to the Personnel Board. In the notice of appeal appellant essentially denied that he had committed any act which would warrant his dismissal under rule 6.2(c) and (e).
A de novo hearing was held before the Personnel Board on March 19, 1981. The Community Development Department presented evidence tending to show that the appellant did commit the acts which led to his arrest. Additionally, the Community Development Department presented evidence tending to show that the appellant’s job required extensive contact with the public. The appellant was unable to dispute the occurrence of the incident for which he was arrested. Instead, appellant stressed that the incident occurred during a period in which he was experiencing severe personal problems and, furthermore, that the incident was in no way job related. Additionally, appellant presented evidence tending to show that he was a competent, well educated employee who consistently received very high job performance ratings.
After hearing the above evidence, the Personnel Board affirmed the appellant’s dismissal.
Appellant then appealed the decision of the Personnel Board to the circuit court. There, a three-judge panel considered the transcript of the testimony presented to the Personnel Board along with the oral arguments of the respective parties and concluded that the Personnel Board’s action was due to be affirmed.
Since there can be no appeal from decisions of the three-judge panel, this case is before this court by writ of certiorari. Ex parte Smith, 394 So.2d 45 (Ala.Civ.App.1981).
Appellant, through able counsel, contends that the statute and rules under which he was dismissed are unconstitutional. Appel *864 lant’s specific contentions are as follows: (1) Appellant’s discharge violated due process in that his discharge was not rationally related to any legitimate governmental interest; (2) The provisions of rule 6.2 under which appellant was dismissed are unconstitutionally vague and capricious; (3) Appellant’s discharge violated his constitutional right to privacy. For the reasons stated below we do not consider contentions (2) and (3) and we find no merit in appellant’s first contention.
After reviewing the record it is apparent to this court that appellant raised neither issue (2) nor issue (3) in any of the proceedings below. This court will not consider constitutional issues raised for the first time in a brief before this court. Noble v. Personnel Board of Jefferson County, 267 Ala. 488, 102 So.2d 902 (1958), cert. denied, 359 U.S. 937, 79 S.Ct. 651, 3 L.Ed.2d 637 (1959); City of Talladega v. Ellison, 262 Ala. 449, 79 So.2d 551 (1955). We do note, however, that similar personnel rules and regulations have been subjected to similar constitutional attacks and have been upheld. Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); Davis v. Williams, 617 F.2d 1100 (5th Cir.), cert. denied, 449 U.S. 937, 101 S.Ct. 336, 66 L.Ed.2d 160 (1980); Smith v. Price, 616 F.2d 1371 (5th Cir. 1980). This court calls particular attention to Williams v. City of Birmingham, No. CV-80-PT-1253-S (N.D.Ala. April 17, 1981), which specifically upheld the validity of rule 6.2(c) against a contention that it was unconstitutionally vague.
We now address appellant’s due process argument. At the Personnel Board hearing, the appellant presented evidence tending to show that his job performance was not affected by the incident which led to his arrest. The appellant contends that since the incident did not affect his job performance his dismissal violated due process of law because the fifth amendment due process guarantee requires that there be a rational connection between the reason for dismissal and job performance before a government employee may be dismissed. Appellant relies upon cases from the federal courts (Norton v. Macy, 417 F.2d 1161 (D.C.Cir.1969); Scott v. Macy, 349 F.2d 182 (D.C.Cir.1965)) and court of other states (Gay Law Students Association v. Pacific Telephone and Telegraph Co., 24 Cal.3d 458, 595 P.2d 592, 156 Cal.Rptr. 14 (1979)) for support of this contention.
The issue of whether termination under the Jefferson County Personnel Board’s Rules and Regulations must be related to job performance has never been determined by an appellate court of this state and, furthermore, we do not so determine in this case. We do note, however, that even if job performance was the proper test for termination, the test- was met in this case. The evidence established that appellant’s job required extensive contact with the public. Some of the character witnesses called by the appellant himself indicated that the incident in which appellant was involved would affect appellant’s credibility in his job performance. Additionally, appellant’s immediate supervisor stated that, in his opinion, the appellant’s credibility in working with the public had been destroyed by the incident.
The foregoing is sufficient to establish a rational connection between the reason for termination and job performance. . Thus, regardless of what is the proper test for determining the extent of due process protection in government employee terminations, there was no violation of due process in this case.
WRIT DENIED.
WRIGHT, P. J., and BRADLEY, J., concur.

. Act No. 248, Acts of Alabama 1945, as amended by Act No. 562, Acts of Alabama 1947; Act No. 670, Acts of Alabama 1953; Act No. 1600, Acts of Alabama 1971 and Act No. 679, Acts of Alabama 1977.